T. & P. R'y Co. v. R. E. Tankersley.

63   57<br>90   587

(Case No. 1719.)

1. NEGLIGENCE.— A railway company is liable in damages for injury to person or property caused by continuing to use a defective engine, after the defect is known to its employees. The fact that the engine became out of repair or defective on the road, where there were no repair shops or facilities for repairing it, will afford no excuse, if its use was persisted in, whereby injury resulted. It should be stopped at the first station, or depot, after the defect rendering its use dangerous is discovered.

2. PRACTICE.— The better practice is to make a charge to the jury complete, in and of itself, instead of instructing them to predicate their verdict on facts pleaded, in such way as to require the jury to refer to the pleadings to understand the instructions.

3. CONTRIBUTORY NEGLIGENCE.— The contributory negligence of a bailee of cotton, whereby it was consumed by fire proceeding from a railway engine, is imputable to the owner thereof. If, in a suit against a railway company, in which a judgment is obtained against it, in such case, a charge embodying the above doctrine is refused, it will constitute cause for reversal, unless it clearly appear that the company was not injured by the refusal to give the charge.

4. INTEREST.— When a party is entitled to recover damages for the wrongful destruction of his property, interest on its value should be allowed from the date of its destruction.

APPEAL from Kaufman. Tried below before the Hon. Green J. Clark.

On April 9, 1883, plaintiff (appellee) brought suit in the Kaufman district court against defendant (appellant) to recover the value of thirty-six bales of cotton which he alleged were destroyed by fire on January 28, 1883, at Terrell, by fire originating from one of defendant's engines. That said engine was out of repair, provided with no sufficient apparatus to prevent the escape of fire, and at the time was carelessly and recklessly handled by the engineer.

The defendant pleaded the general denial, and specially:

1. That the cotton in question was fully insured in the National Fire Insurance Company of Hartford, which company had paid plaintiff its value since it was burned, and plaintiff had assigned his claim against defendant to the insurance company.

2. That the loss of cotton was the direct result of plaintiff and his agents placing it in dangerous proximity to defendant's road track, with full knowledge that it was exposed and liable to be burned from sparks, which were, with the most approved appliances for arresting sparks, which defendant had attached to its engines, under careful and skilful handling of such engines, liable to be emitted, as well as from defective engines and careless handling of

the same; and, knowing said danger, left said cotton in an uncovered and unprotected state, with a large quantity of other cotton similarly situated, some packed and some loose, belonging to other owners, when said risk could have been easily avoided by the exercise of proper diligence upon the part of plaintiff and his agents by not placing said cotton in such dangerous position in the first place, or by providing a covering, canvass or some cheap material, and spreading the same over the cotton.

3. That plaintiff had stored his cotton with C. C. Wilson & Co., his bailees, and it was on their platform in Terrell when it was burned; that the platform was built by Wilson & Co. on defendant's right of way for purposes connected with railroad business, under written lease between defendant and Wilson & Co., whereby the latter (in consideration that defendant only charged $1 annual rent for said ground on which said platform was built) released defendant from all liability on account of any loss or danger by fire; that under the terms of lease defendant was not to be liable for any property that might be burned while it was stored on the platform, etc., etc.

Plaintiff filed his supplemental petition, and demurred to defendant's said answer, and specially excepted:

1. To all that part which alleged that the cotton was insured, and plaintiff had been paid therefor by the insurance company, and had transferred his claim to that company.

2. To all that part of the answer that set up a contract between defendant and C. C. Wilson & Co., releasing defendant from all liability for loss from fire.

Verdict for plaintiff for $1,738.70.

The opinion indicates the points relied on for a reversal.

*Leake & Henry*, for appellant, cited: T. & P. R'y *v.* Levi, 59 Tex., 674; Whart. on Neg., secs. 300, 344a, 689, 869, 870; H. & T. C. R'y Co. *v.* Muldrow, 54 Tex., 233; Cooley on Torts, 633; Thompson on Neg., p. 45.

*Word & Charlton*, for appellee, cited: Williams *v.* Mudgett, 2 Tex. L. Review, 339; Railroad Co. *v.* Miller, 51 Tex., 275; H. & T. C. R'y Co. *v.* Nixon, 52 Tex., 26; Duffell *v.* Noble, 14 Tex., 655; T. & P. R'y Co. *v.* Levi, 59 Tex., 674; T. & P. R'y Co. *v.* Murphy, 46 Tex., 364; 51 Tex., 45; Endick *v.* Endick, 61 Tex., 560; G., C. & S. F. R. R. Co. *v.* Evansich, 61 Tex., 3; Railroad Co. *v.* Miller, 51 Tex., 275; T. & P. R'y *v.* Casey, 52 Tex., 112; 20 Tex., 200; 21

Tex., 625; 18 Tex., 317; 20 Tex., 229; 28 Tex., 53; 25 .Tex., 701; 14 Tex., 48; H. & T. C. R'y Co. *v.* Jackson, delivered at present term of court [62 Tex., 209]; Lawson's "Contracts of Carriers," §§ 28, 29, 68, 69, 73, 74, 133, 163 and 178; Sutherland on Damages, 3d vol., pp. 214–15; Wynard *v.* Syracuse R. R. Co., 71 N. Y., 180.

Watts, J. Com. App.— Upon the trial in the court below appellant asked and the court refused to give the following charge:

"If the jury find from the evidence that the engine which plaintiff claims set his cotton on fire was properly examined at Fort Worth and left that place in good condition as to netting and spark-arresters, and that there were no repair shops for engines between Fort Worth and Longview, and that said engine got out of repair between Fort Worth and Terrell, and that there were no opportunities at the latter place for repairing it, then the mere fact that such engine got out of repair between Fort Worth and Terrell would not be such negligence as would render defendant liable for a fire caused by sparks escaping from such engine."

The fact that the engine might have become out of repair at a point on the line where there were no facilities for repairing the same would not authorize the company or its employees to operate such engine through to the repair shop, if by reason of such defects its operation would be attended with increased danger to the person or property of others.

When an engine becomes so out of repair on the line as that its continued use would be accompanied by an increased danger, that is, such danger as does not ordinarily attend the operation of an engine in good repair, whether such danger be to the person or property of another, the company would by no means be justified in continuing its use or operation until it might, in the course of the service, reach some point along the line where it could be repaired. In such case, where such increased danger became known to the employees, the operation of the engine ought to cease at the first depot or station, and the same be fully repaired before being again used as an engine.

Appellant also asked and the court refused to instruct the jury as follows:

"If the jury find from the evidence that plaintiff's cotton, at the time it was burnt, was stored on the platform of C. C. Wilson & Co., in the city of Terrell, and that such platform was a dangerous place to store cotton — that it was there daily exposed to sparks of fire emanating from defendant's trains,— and that this fact was

known to plaintiff, or might have been known to him by the exercise of the slightest care and attention,— then the plaintiff would be guilty of contributory negligence, and cannot recover in this suit."

It is claimed that the court failed in the general charge to properly instruct the jury in reference to the defense of contributory negligence, — that the defect was in not stating to the jury what would have constituted such negligence upon the part of appellees. In appellant's answer the facts claimed to constitute the negligence upon the part of appellee are fully averred. And the court in the general charge stated to the jury that if appellee was guilty of contributory negligence as averred in the answer, then to find for appellant. The answer was before the jury, and was part of the record in the cause, and that would seem to be a sufficient statement of the facts claimed to constitute the negligence to enable the jury to intelligently pass upon the issue. That being true, the court did not err in refusing the charge as asked. It should be remarked that while we are of opinion that there was no error committed by the court in this particular, that it would, perhaps, be the better practice for the court to make the statement in the charge rather than refer the jury to some pleading for this statement.

It is claimed that the court erred in refusing to give the following charge, asked by appellant, to wit:

"If the jury believe from the evidence that plaintiff's cotton, at the time it was burned, was stored with C. C. Wilson & Co., and was on their platform in the city of Terrell, and that said platform was a dangerous place to store cotton, by reason of its closeness to the railroad track, and was daily in danger of being burned by sparks escaping from defendant's engines, and that these facts were known to said C. C. Wilson & Co., the bailees of plaintiff, or might have been so known to them by the exercise of slight care and attention, then plaintiff would not be entitled to recover in this suit."

There can be no question as to the correctness of the legal principle embodied in the charge. For if the cotton was stored with C. C. Wilson & Co., then they were the bailees of the plaintiff. And if it was in an exposed and dangerous place, and this was known to Wilson & Co., or might have been known by "slight care and attention" on their part, and that the cotton was destroyed by reason of being so exposed, then the negligence in this regard of Wilson & Co. would be imputable to appellee and would constitute a defense to his action against appellant. Then the question arises as to whether that principle ought not to have been explained to the

jury.   As a matter of law the negligence of the agent in such case
is imputable to the principal.   It is incumbent upon the court to in-
struct the jury with reference to the principles of law to be applied
in the particular case.   Now, here is a principle of law applicable
to the issue as made, but the court refused to instruct the jury with
reference to it.   The jury are never supposed to know the law,
except as submitted in the charge of the court.   The refusal to give
the charge was error.   And as it does not clearly appear from the
record that appellant was not injured thereby, in our opinion the
judgment ought to be reversed.

There is but one other question presented by the record that it is
thought necessary to notice, and that is, the supposed error arising
out of the charge of the court with regard to the interest to be
allowed.

As a rule for the measure of damages in the event the verdict was
for the appellee, the jury was instructed to allow the value of the
cotton at the time and place when destroyed, with interest thereon
from that date at the rate of eight per cent. per annum.   Appellant
asked a charge stating the rule as above, except the interest was
excluded, which was refused.   And it is now urged that the court
erred in giving the one and refusing the other.

In the case of T. & P. R'y Co. v. Levi, 59 Tex., 679, which was a
suit for burning a portion of a lot of cotton, or rather the partial
destruction of a lot of cotton, with regard to which there was no
privity between the parties, it being a suit for a tort, the court held
that the measure of damages included interest.

This was a suit for a tort,— there was no privity between appellant
and appellee respecting the cotton.

It now seems to be very generally held that where a party has
the right to recover damages for the wrongful destruction of prop-
erty, that interest ought to be allowed as compensation.   The cor-
rect doctrine is so happily expressed by Mr. Sedgwick, in his work
on Damages, vol. 2, note c, page 187 (7th edition), that we have
deemed it sufficient to give the following extract: "From the gen-
eral course of decision, it is apparent that the tendency is in all
cases to add interest where the measure of damages depends solely
upon the value of the property or of its hire.   The rule flows from
the principle of compensation; interest on the value being a neces-
sary part of this.   The plaintiff has lost the use of his property, or,
if he has replaced it, the interest on the cost, and he has lost this
directly through the act of the defendant.   This is true whether
the action be in tort or contract."

---

Statement of the case.

---

In cases of tort, as well as contract, the owner is entitled, if at all, to the value of the property at the time of its destruction, and he is entitled to that amount in money. Now if the party who is responsible does not then pay the money, is it not certainly true that he thereafter detains that amount of money, to which the other is entitled? It would seem, therefore, in analogy to the statute regulating interest, that in such cases the true rule for the measure of damages would be the value of the property at the time it was destroyed, with interest thereon from that time until collected, at the rate of eight per cent. per annum. H. & T. C. R'y Co. v. Jackson, Tex. L. Rev., vol. 4, No. 18, p. 253.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted January 16, 1885.]