### MUNSTER v. HEXTER. (No. 2016.)

Court of Civil Appeals of Texas. El Paso. April 14, 1927.

Negligence ⬦⟿90—Bailee's contributory negligence in driving automobile, held imputed to bailor preventing his recovery for damage by collision.

Where bailee driving bailor's automobile was guilty of contributory negligence in collision, *held* that such negligence was to be imputed to the bailor, and prevented his recovery for damage to his automobile.

Appeal from Dallas County Court, at Law; Paine L. Bush, Judge.

Action by H. Munster against Victor H. Hexter, wherein defendant reconvened. Judgment for defendant on complaint and for plaintiff in reconvention, and plaintiff appeals. Affirmed.

Roy C. Ledbetter, C. C. Renfro, and Chas. S. McCombs, all of Dallas, for appellant.

Beall, Worsham, Rollins, Burford & Ryburn and Horace C. Williams, all of Dallas, for appellee.

HIGGINS, J. A collision occurred between two automobiles, damaging both. The cars were owned respectively by appellant and appellee. At the time the collision occurred appellant's car was in the possession of a bailee, who was driving the same. Appellee was driving his own car. Appellant sued appellee to recover the damages to his car alleging the collision was caused by the appellee's negligence. Appellee pleaded contributory negligence of the driver and operator of appellant's car and reconvened for the damage to his own car.

Upon special issues the jury found the appellee was guilty of negligence proximately causing the collision and assessed the damage to appellant's car. They also found that the driver of appellant's car was guilty of negligence proximately contributing to the collision. Judgment was rendered that appellant take nothing and appellee nothing upon his cross-action.

As stated by appellant, the controlling question is whether the negligence of the bailee and driver of his car is imputable to him and bars his recovery.

We need not inquire as to the rule in other jurisdictions, for in Texas & P. Ry. Co. v. Tankersley, 63 Tex. 57, it was held the contributory negligence of the bailee of cotton destroyed by fire communicated by a railroad engine was imputable to the owner of such cotton and a defense to an action against the railroad company for negligently destroying the cotton. That ruling has never been overruled—is binding upon this court and applicable to this suit. The trial court therefore properly rendered judgment against appellant upon the findings as to contributory negligence. This being true, there is no occasion to pass upon the second proposition, which relates to the measure of damages.

The remaining propositions present no error for it is immaterial whether the relation of principal and agent existed between appellant and the driver of his car. Admittedly the driver was a bailee, and this relation alone makes his contributory negligence imputable to appellant so as to bar recovery in the present action.

A note in 17 L. R. A. (N. S.) 926, says the majority of the cases hold that if the bailee or his servant through negligence contributes to the injury of goods in his hands, such negligence is imputable to the bailor, so as to prevent a recovery by the bailor from a third person, whose negligence, combined with that of the bailee, caused the injury. In support of this statement the Tankersley Case and cases from other states are cited.

Affirmed.