## LANGFORD MOTOR CO. v. McCLUNG CONST. CO., Inc.

### No. 940.

Court of Civil Appeals of Texas. Eastland.

Jan. 8, 1932.

Rehearing Denied Feb. 12, 1932.

See also (Tex. Civ. App.) 33 S.W.(2d) 749.

Davenport & Crain and Milburn E. Nutt, all of Wichita Falls, for appellant.

Cantey, Hanger & McMahon, of Fort Worth, for appellee.

HICKMAN, C. J.

A detailed statement of this case is unnecessary under the view which we adopt of the controlling issue. An automobile belonging to W. S. Langford, was wrecked through the joint negligence of appellee, McClung Construction Company, Inc., and L. E. Whitham. The car had been loaned by Langford to Whitham, and the accident occurred on a highway being constructed by appellee. Appellant, Langford Motor Company, succeeded to all the rights of W. S. Langford, including his cause of action against appellee. In response to special issues, the jury found that appellee was negligent, (1) in failing to provide and maintain a proper barricade at the culvert, (2) in failing to provide and maintain a burning light at the culvert, and (3) in failing to provide a watchman at the culvert. Each of said acts of negligence was found to be a proximate cause of the damages sustained to appellant's automobile. The jury further found that Whitham was guilty of contributory negligence, (1) in failing to see and observe detour signs, and (2) in failing to keep a proper lookout. Each of these acts of contributory negligence was found to be a proximately contributing cause of the injury. Upon this verdict judgment was rendered for appellee.

The controlling question of law to be decided is whether the contributory negligence of Whitham, the bailee, is imputable to the bailor, and operates to bar a recovery. This exact question has been determined by the Supreme Court of this state in Texas & Pacific Railway Company v. Tankersley, 63 Tex. 57, which opinion was followed by the Court of Civil Appeals at El Paso in a case very similar in facts to the case before us in Munster v. Hexter (Tex. Civ. App.) 295 S. W. 245 (error dismissed). The holding of these cases is so clearly stated in appellee's following counter proposition that we adopt it as our holding in this case: "Where a bailor intrusts his property into the care, custody and control of a bailee and damage results to such property while in the hands of the bailee as the result of negligence on the part of a third party, and contributory negligence on the part of the bailee, the contributory negligence of the bailee is imputed to the bailor so as to bar recovery of bailor in his suit against the negligent third party." In

5 Tex. Jur. p. 1034, § 23, the same rule is announced.

■ It is claimed that the identical question here involved was decided contrary to the above rule by this court in Bertrand v. Mutual Motor Company (Tex. Civ. App.) 38 S.W.(2d) 417 (error refused). The question there decided was that the bailor of an automobile who had no control over its operation by the bailee was not liable to a third person for injuries sustained on account of the negligence of the bailee. It is forcefully argued that there is no principle of distinction between the two questions. We need not discuss that question further than to notice that the distinction has been made by the Supreme Court of our state. It seems that appellant is correct in its contention that the decision in the Tankersley Case, supra, is contrary to the trend of modern decisions in other jurisdictions. These authorities would be highly persuasive had not our Supreme Court decided this question, but lose their persuasiveness when in conflict with that court.

The status of the law on the question here decided is so well stated in 3 R. C. L. pp. 146, 147, § 70, under "Bailments," that we quote therefrom as follows: "But, while it appears to be very generally recognized that a bailor is not responsible to a third party for the negligence of the bailee or his servants in respect to the bailment, there seems to be a sharp conflict among the cases as to whether or not the negligence of a bailee is imputable to the bailor so as to prevent the latter from recovering in an action against a third person for an injury to, or destruction of, his property. Until within very recent years the weight of authority, numerically at least, seems to have been in favor of the view that if the bailee or his servant, through negligence, contributed to the injury of goods in his hands, such negligence was imputable to the bailor, so as to prevent a recovery by him from a third person whose negligence, combined with that of the bailee, caused the injury. But later cases have manifested a decided trend in the contrary direction, so that now the scale may be said to have turned in favor of the other side of the proposition, namely that the bailee's negligence is not imputable to the bailor so as to debar him from bringing an action for an injury to the subject of the bailment."

It is not necessary for us to express any preference between the two lines of decision. Our Supreme Court has spoken, and if any change is to be made in the law of our state on this question, that tribunal alone should make it.

The judgment of the trial court will be affirmed.

FUNKERBURK, J. (dissenting).

If the opinion in Texas & Pacific Railway Company v. Tankersley, 63 Tex. 57, holds, as it seems to do, that contributory negligence of a bailee of property is, as a matter of law, imputable to the owner of the property so as to absolve a third person from liability to the owner for negligence resulting in injury to such property, I am of opinion that that decision misinterpreted or misapplied the law. There can be no doubt as to the duty of this court ordinarily to follow a decision of the Supreme Court. I do not believe that duty exists in this case. The decision is contrary to a principle of law which has the certain, universal, and current recognition of our Supreme Court and all other high courts. That fact alone perhaps would not justify us in refusing to recognize the decision as correctly declaring the law, but, when considered in connection with the further fact that the decision on its face bears evidence of error, I think we are so justified. I cannot subscribe to the popular but fallacious notion that it is the function of the Supreme Court, or any other court for that matter, to "make" or "change" the law. I regard the function of the courts as limited to the interpretation, application, and enforcement of the law. Under this view, if the law was in the Tankersley Case misinterpreted or misapplied, the law was not changed and remains as before. The recognized fact that the trend of modern decisions is against the holding in the Tankersley Case shows no change in the law, but simply shows that such decisions misinterpret the law, or else that the former decisions, including that in the Tankersley Case, did so.

The opinion in the Tankersley Case shows that the court used the words "bailee" and "agent" interchangeably as applying to the question decided. As the reason for the holding of the court upon the very point in question the court said: "As a matter of law the negligence of the *agent* [italics ours] in such case is imputable to the principal." Such a reason was manifestly no reason for holding that the negligence of a bailee (being neither a servant nor agent of the owner) was imputable to the owner of the property. The reason given, therefore, affords affirmative evidence that the court reached its conclusion upon an assumption, unquestionably erroneous, that the negligence of a bailee is imputable to the owner, for the same reason that the negligence of an agent is imputable to the principal. If the decision was correct, it was so for some other reason than that given, and hence I say the opinion carries its own indicia of error.

Now let us see if it conflicts with a universally recognized rule or principle of law. I have in mind the rule, well stated by Justice Field in Little v. Hackett, 116 U. S. 371,

6 S. Ct. 391, 393, 29 L. Ed. 652, as follows: " * * * when one has been injured by the wrongful act of another, to which he has in no respect contributed, he should be entitled to compensation in damages from the wrongdoer." A fuller statement of the rule, but one by no means different in legal effect, would be: "When one has been injured by the wrongful act [or omission] of another, to which he has in no respect contributed [either personally or by his servant or agent, acting for him], he should be entitled to compensation in damages from the wrongdoer." But one does not, in the performance of his duties to others, imposed by law, act by or through a bailee. This is the foundation and reason of the rule that one is not liable for the negligence of a bailee by which he, with the bailed property, inflicts an injury upon a third person. No reason exists nor argument can be advanced to absolve the owner of property from liability for the negligence of a bailee resulting in injury to a third person, that does not exist and cannot be advanced to show that the contributory negligence of a bailee is not imputable to the owner to absolve a third party from liability for negligence resulting in injury to such owner. To undertake to recognize and declare distinctions in the application of a principle, when such principle can in reason have no different application, tends to confusion and uncertainty in the law. For instance: I leave my automobile at a garage for repairs. If the mechanic negligently runs it against the car of a third person, I am not liable for the damages to such third person. In that act the mechanic was not representing me, hence the act, in legal contemplation, was not my act. If, in the same transaction, my car is injured, the mechanic may be liable to me. If the third person negligently runs his car against mine, he is only liable for the damages to my car, provided the mechanic is not guilty of contributory negligence. If the mechanic is guilty of contributory negligence, it is imputed to me (i. e., becomes in law my negligence) and absolves the other wrongdoer from liability. But it does not absolve the mechanic. The same negligence which the law made mine to absolve one of two wrongdoers from liability is the very negligence for which I can recover as against the other. Not one reason can be advanced, so far as I can see, to show why the negligence of the mechanic should be imputed to me to absolve the third party from liability for his wrong to me, that could not also be advanced to show that the negligence of the third party should be imputed to me to absolve the mechanic from liability for his wrong to me. Undoubtedly, as to me, both the mechanic and the third party are joint tort-feasors. By their combined acts of negligence they have wrecked my car. The general rule is that they are jointly and severally liable to me. They are so liable unless the Tankersley Case correctly declares the law. If it does, then only the bailee is liable. Why should the bailee be liable and the other wrongdoer not, when I have no more control over or responsibility for the actions of one than of the other?

It is deemed unnecessary to comment upon or cite the numerous authorities supporting this view. The majority opinion recognizes that both reason and the weight of authority in other jurisdictions sustain it. Apparently our only difference of opinion is upon a question of our duty to be controlled by the decision in the Tankersley Case. As to that I may have the wrong attitude. If what has been said does not justify it, then but little more can be said. I confidently believe the Supreme Court will hold that, in the Tankersley Case, the law was either incorrectly declared or wrongly applied. So believing, my concurrence in the action of the majority would add seeming recognition of a law-making or law-changing power in the Supreme Court that I am unwilling should be implied.

For these reasons I respectfully note my dissent.