## J. H. ROSE v. JAMES B. BAKER ET AL.

No. 7829. Decided March 11, 1942.
Rehearing overruled April 8, 1942.
(160 S. W., 2d Series, 515.)

*C. A. Lord,* of Beaumont, for plaintiff in error.

*B. C. Johnson,* for Baker, and *Walter S. Hart,* for Wharton, both of Houston, for defendants in error.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is a suit by a bailor, James B. Baker, against his bailee, J. D. Wharton, and a third party, J. H. Rose, for the destruction of Baker's furniture, allegedly caused by the joint and several negligence of defendants Wharton and Rose. Wharton contracted to move Baker's property from Houston, Texas, to Baton Rouge, Louisiana. In transporting such furniture, Wharton's truck and a truck owned by Rose collided. Baker's property was destroyed and Wharton's truck was damaged. There is also in the case a cross-action by Wharton against Rose for damages to his truck, and for any damages which might be rendered against him in favor of Baker. The controlling question to be here decided is whether or not the allegations of the negligence of the bailee, stated in the bailor's petition, will bar a recovery by the bailor of a third person.

In response to special issues, the jury acquitted the bailee, Wharton, of negligence, and found that the collision in question was caused by the negligence of the operator of Rose's truck. The trial court thereupon decided the foregoing question in the negative, and entered a judgment for Baker against Rose for the destruction of the furniture, and for Wharton against Rose for the damages to Wharton's truck. The judgment was affirmed by the Court of Civil Appeals, 146 S. W. (2d) 212, and this Court granted a writ of error.

Baker's original petition was founded solely on the bailment contract, and complained only of the action of Wharton in failing to deliver his property in Louisiana. Wharton, after general demurrer and general denial, brought in Rose, alleging that the furniture of Baker was destroyed through his negligence, and praying for damages to his truck and for any re-

covery Baker might have against him. Wharton admitted the bailment contract and the possession of Baker's property. Rose answered by plea in abatement of misjoinder of parties and causes of action, and the plea was overruled. Baker amended his pleadings to complain of both Wharton and Rose. He abandoned the contract action, and bases his action on the tortious conduct of both defendants. His trial petition reads in part as follows:

"Plaintiff further alleges that the defendants were negligent on one, more or all of the following respects, and such negligence being joint, as well as several, and being the direct and proximate result of the collision and resulting damages to plaintiff, to-wit: * * *"

The plaintiff's pleading then enumerates eight grounds of negligence against his bailee, Wharton, and against Rose; including failure to keep a proper lookout; failure to have proper brakes; failure to apply the brakes; traveling at a high, dangerous, and excessive rate of speed; and driving such truck on the left-hand side of the road.

To this pleading Rose filed a general demurrer and general denial. The general demurrer was overruled. At the conclusion of the evidence Rose moved for a peremptory instruction, which was denied. The jury found that the operator of Rose's truck was negligent in numerous respects, and that his negligence was the proximate cause of the collision. Baker did not seek a finding of negligence on the part of his bailee, Wharton. Only one such issue was submitted, and that one was requested by counsel for Rose. In answer to that issue the jury found that no part of Wharton's truck was on the left-hand side of the highway. Before judgment was entered, the court overruled Rose's motion for judgment non obstante veredicto.

■ Plaintiff based his cause of action on the ground that both the bailee, Wharton, and Rose, the third party, were guilty of negligence, jointly and severally, which was the direct and proximate cause of the collision which resulted in the damage to plaintiff's property. Such allegations are conclusive against the pleader. 33 Tex. Jur., p. 647, sec. 191; Houston E. & W. T. Ry. Co. v. DeWalt, 96 Texas 121, 70 S. W. 531, 97 Am. St. Rep., 877; Raymer v. Houghton (Civ. App.), 39 S. W. (2d) 941; Bosse v. Cadwallader, 86 Texas 336, 24 S. W. 798; Smith Oil Co. v. Griffin, (Civ. App.), 104 S. W. (2d) 167, (writ dismissed).

The trial court erred in not sustaining the general demurrer of Rose to Baker's petition. The appeal was made without filing a statement of facts, and the pleading showed on its face the relationship of bailor and bailee between Baker and Wharton, and contained allegations of negligence on the part of Wharton, the bailee.

■ The precise question presented here for decision is whether the plaintiff can recover against Rose upon the pleading of negligence on the part of Wharton, the bailee, and Rose, the third party. The rule has long prevailed in this State that where a bailor entrusts his property into the care, custody, and control of a bailee, and damage results to such property while in the hands of the bailee, as a result of negligence on the part of a third party and contributory negligence on the part of the bailee, the contributory negligence of the bailee is imputed to the bailor, so as to bar recovery by bailor in his suit against the negligent third party. 5 Tex. Jur., p. 1034, sec. 23; Texas & P. Ry. Co. v. Tankersley, 63 Texas 57; Langford Motor Co. v. McClung Construction Co. (Civ. App.) 46 S. W. (2d) 388 (writ refused); Munster v. Hexter, 295 S. W. 245.

The principle of law involved in this suit was before this Court in the case of T. & P. Ry. Co. v. Tankersley, supra, and the foregoing rule was applied. The same question was squarely before this Court in the case of Langford Motor Co. v. McClung Construction Co., supra. In that case Chief Justice Hickman, speaking for the Court of Civil Appeals, followed the opinion of this Court in the Tankersley case, and Mr. Justice Funderburk filed a vigorous dissent. This Court approved the majority opinion in that case by refusing a writ of error. Whatever may be the rule in other jurisdictions, the rule herein stated has been long established in this State.

Applying the foregoing rule to the pleadings and to the theory upon which this case was tried, the judgment of the trial court cannot be sustained. Therefore, the judgments of the trial court and of the Court of Civil Appeals are reversed, and this cause is remanded to the trial court for further proceedings.

Opinion delivered March 11, 1942.

DISSENTING OPINION.

· MR. CHIEF JUSTICE ALEXANDER, dissenting.

I am not in accord with the holding in the majority opinion that contributory negligence on the part of the bailee should defeat the right of the bailor to recover damages from a third party for injuries to the bailor's property in the hands of the bailee. The bailee in this instance was not the agent or the servant of the bailor. He was employed to pack and transport the bailor's property in such manner as he thought proper. The bailee was therefore an independent contractor, and the relation of principal and agent, or master and servant, was not involved. Under these circumstances, the bailor should not be held responsible for the contributory negligence of the bailee.

While I recognize that this Court, in the cases cited in the majority opinion, has heretofore held in accordance with the rule announced therein, yet I am of the opinion that such holding is clearly wrong and should be overruled. It is contrary to the decided weight of authority in other jurisdictions. 6 Amer. Jur. 393; 6 C. J. 1168; 8 C. J. S. 373. I see no reason why we should continue to follow an erroneous rule, where no property rights or other vested rights have been acquired thereunder.

My views are more fully expressed by Mr. Justice Funderburk in his dissenting opinion in the case of Langford Motor Co. v. McClung Const. Co., Inc., 46 S. W. (2d) 388, 389.

Opinion delivered March 11, 1942.

Rehearing overruled April 8, 1942.