John R. EIDSON et al., Appellants,

v.

PERRY NATIONAL BANK, Appellee.

No. 3291.

Court of Civil Appeals of Texas.

Waco.

April 18, 1955.

Magus F. Smith, McAllen, W. H. Wren, Hamilton, Rawlings, Sayers, Scurlock & Eidson, Fort Worth, for appellants.

H. W. Allen, Hamilton, for appellee.

TIREY, Justice.

This is an appeal from an order of the 52nd Judicial District Court of Hamilton County denying application for temporary injunction. The order of the court was entered after hearing the exceptions and argument on plaintiffs' original petition.

On April 8, 1955, plaintiffs filed suit in trespass to try title against the Perry National Bank to recover two tracts of land in Hamilton County described by metes and bounds. In addition to the formal suit in trespass to try title they alleged substantially that they had leased the property to H. R. Stinson of Travis County, who is the present tenant of plaintiffs on the property; that Perry National Bank has prosecuted a suit of forcible entry and detainer in the Justice Court, Precinct No. 1 of Hamilton County against H. R. Stinson, and that said suit resulted in a judgment in restitution in favor of Perry National Bank, from which judgment defendant Stinson has perfected an appeal to the County Court of Hamilton County; that said cause is now pending in that court and that unless Perry National Bank is enjoined from so doing it will prosecute its said suit to conclusion and may recover a judgment in restitution against the said H. R. Stinson; that *"said suit will not determine any of the issues to this lawsuit but will seriously interfere*

*with this court in the trial of the right of ownership and right of possession in this suit, for which the plaintiff will have no adequate remedy at law."* Plaintiffs prayed that their application for injunction be set prior to April 13, 1955, and that they have a temporary injunction enjoining the Perry National Bank from further prosecuting its suit of forcible entry and detainer and from levying any writ of restitution during the pendency of this suit. They further prayed that on final hearing that they have judgment of and from the defendant for title and possession of the above described tracts of land, together with all of their damages, and for general relief.

The Perry National Bank filed its original answer and exceptions to the plaintiffs' original petition on substantially the following grounds: (a) that the plaintiffs were not parties to the forcible entry and detainer suit pending in the County Court of Hamilton County; (b) because art. 3994, Vernon's Ann.Civ.Stats. provides in effect that "The proceedings under a forcible entry, or forcible detainer, shall not bar an action for trespass, damages, waste, rent or mesne profits"; (c) that plaintiffs have in general terms alleged that they have no legal or adequate remedy at law, but they have not alleged any facts showing wherein their remedy at law is not adequate; (d) the paragraph in plaintiffs' petition seeking a temporary injunction is founded upon speculation and conjecture, and not upon such facts as are susceptible of being verified as required by law; and that the allegation in paragraph 6 of plaintiffs' petition that the County Court suit "will seriously interfere with this court in its trial of right of ownership and the right of possession in this suit" is a matter of speculation in that it assumes that the County Court will exceed its jurisdiction and usurp the powers of the District Court, and that when such anticipated act has occurred, no legal remedy would exist; (e) since the plaintiffs' pleadings show that the County Court acquired jurisdiction before the filing by plaintiffs of this suit in the District Court, the County Court cannot be deprived of its jurisdiction by a subsequent suit by plaintiffs or any other parties.

In the decree we find this recital: "* * and the court proceeded to hear the pleadings and exceptions thereto, together with argument of counsel thereon, and after hearing and considering same the court is of the opinion that the application for temporary injunction should be in all things denied, and that the defendant's exceptions to the plaintiffs' petition asking for injunctive relief should be in all things sustained." The decree is in accord with this recital.

We are in accord with the views of the District Court. Going back to the plaintiffs' original petition, it is our view that it fails to state a justiciable action for any injunctive relief. The allegation in paragraph 6, wherein plaintiffs allege that "said suit will not determine any of the issues of this lawsuit" is a judicial admission on behalf of plaintiffs that they are not entitled to any injunctive relief. In Tex.Jur.Sup., Vol. 8, p. 294, sec. 217, we find this statement of the rule: "Since the office of the pleadings is to define the issues to be tried, and since pleadings are matter of record as distinguished from matter of evidence, an adversary's pleadings are not required to be introduced in evidence in order to obtain the benefit of any admissions therein. For the same reasons, what is alleged in the pleadings on which the trial is had is conclusive against the pleader. No controverting evidence may be introduced, for no issue as to that fact is presented." See also 33 Tex.Jur. 647, sec. 191, and authorities there collated. See also Rose v. Baker, 138 Tex. 554, 160 S.W. 2d 515; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102; Texas Employers Ins. Ass'n v. Ferguson, Tex.Civ.App., 196 S.W.2d 677 (writ ref.).

Needless to say, the remainder of the sentence in paragraph 6 of the plaintiffs' original petition to the effect: "* * but will seriously interfere with this court in its trial of right of ownership and the

right of possession in this suit, for which the plaintiffs will have no adequate remedy at law" is in irreconcilable conflict with the provisions of art. 3994, above quoted. See Young Women's Christian Ass'n v. Hair, Tex.Civ.App., 165 S.W.2d 238 (writ ref. nom), and authorities there collated. See also statement of the rule in 19 Tex.Jur. 763, sec. 5, and authorities there collated; also Logue v. Gibraltar Savings & Building Ass'n, Tex.Civ.App., 175 S.W.2d 117 (no writ history).

Because of the views hereinbefore expressed, further comment would be of no avail.

Accordingly, the judgment of the trial court denying temporary writ of injunction is in all things affirmed.