Appellant did not testify or offer any evidence in his own behalf.

 We shall discuss the contentions advanced by appellant in his brief. He first contends that the court erred in permitting officer Crook to testify that in his opinion the automobile had been in the position he found it between 30 and 45 minutes prior to his arrival. He stated that he had been a patrolman for five years, had had occasion to feel the hoods of automobiles in an effort to determine if an automobile had been driven recently, and, based upon the heat of the hood plus the fact that gasoline was still running out of the automobile, he formed his opinion. We conclude that the officer was qualified to express an opinion and can perceive of no injury to appellant from such testimony.

Appellant complains of the testimony of Chemist Byrd on the grounds that there was no proof that the Fisher electro-spectrophotometer which he used in running the test was accurate and in good working condition. The witness testified that he checked the instrument for accuracy each time before it was used and if any repairs were needed it would be returned to the Fisher Company for the same. We find no merit in appellant's complaint.

Appellant's last complaint relates to the court's failure to charge on the law of circumstantial evidence. Recently, in Jarnigan v. State, Tex.Cr.App., 345 S.W.2d 754, we had a similar contention. There, we said:

"Williamson's testimony that appellant was standing by the truck immediately after the collision, that the door was open, that no one else was nearby, plus appellant's statement that his brakes had failed, were sufficient facts to constitute direct evidence that appellant had been the driver at the time of the collision."

The facts before us here are stronger than in Jarnigan.

Finding no reversible error, the judgment of the trial court is affirmed.

Mattie L. WEIR, Appellant,

v.

Lillie G. PETTY, Appellee.

No. 7106.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 12, 1962.

Rehearing Denied March 12, 1962.

Boling & Griffith, Lubbock, for appellant.

A. W. Salyars, Lubbock, for appellee.

CHAPMAN, Justice.

This is an appeal from a judgment by the court below for Lillie G. Petty, plaintiff-appellee against Mattie L. Weir, defendant-appellant.

Alonzo V. Petty, Jr., son of appellee, borrowed his mother's automobile to go inspect an apartment. His wife at that time and his mother were riding with him on the occasion, and there is no question but that he was driving the automobile with the owner's permission. He had a collision with appellant that seriously damaged his mother's automobile, as a result of which she filed suit against Mattie L. Weir. The jury found the 1951 Ford was worth $350.00 in Lubbock County immediately prior to the collision and worth $50.00 immediately thereafter. The jury also found both appellant and Alonzo V. Petty guilty of negligence, which proximately caused or contributed to cause the collision and resulting damages. Appellant and appellee each submitted forms of judgment. The judgment submitted by appellant denied recovery to Lillie G. Petty. The trial court rejected that form of judgment and awarded damages to appellee. Appellant has perfected appeal from that part of the judgment awarding damages to Mrs. Petty.

There is no question from the record but that the relationship between appellee and her son with respect to her automobile at the time of the collision was one of bailor and bailee. In 8 T.J.2d, Sec. 1, Page 232 it is stated that:

"A bailment may be defined as a delivery of goods for some purpose on a contract, express or implied, whereby after the purpose has been fulfilled, the goods are to be redelivered to the bailor or dealt with according to his direction."

The automobile was redelivered to the bailor after the collision and was sold by her. Appellee in her brief does not contest the bailment conditions but relies on dissenting opinions in two of the cases hereinafter cited. Thus, the controlling question of law to be decided is whether the contributory negligence of Alonzo V. Petty, Jr., the bailee, is imputable to the bailor and operates to bar a recovery.

This exact question has been decided by the Supreme Court of this state and is contrary to appellee's contentions here made and to the judgment rendered by the trial court. That court in Rose v. Baker et al., 138 Tex. 554, 160 S.W.2d 515, Syl. 3 said:

"* * * where a bailor entrusts his property into the care, custody, and control of a bailee, and damage results to such property while in the hands of the bailee, as a result of negligence on the part of a third party and contributory negligence on the part of the bailee, the contributory negligence of the bailee is imputed to the bailor, so as to bar recovery by bailor in his suit against the negligent third party."

The court then cited as its authority cases extending all the way from the year 1885 to 1932.[1]

In the Supreme Court case of Rose v. Baker, supra, and the Langford case by the Court of Civil Appeals, cited in the footnote, there were dissenting opinions.

1. Texas & Pacific Railway Co. v. Tankersley, 63 Tex. 57; Munster v. Hexter, Texas Civ.App., 295 S.W. 245; Langford Motor Co. v. McClung Const. Co., Inc., Tex.Civ.App., 46 S.W.2d 388 (Writ refused).

We feel the Supreme Court by refusing a writ in the Langford case and continuing to adhere to the same principle, despite a dissent by its Chief Justice in the Rose v. Baker case, has obligated us to the rule above quoted from that case. As stated by Judge Sharp in Rose v. Baker: "Whatever may be the rule in other jurisdictions, the rule herein stated has been long established in this State." Applying the rule announced in Rose v. Baker to the facts and the theory upon which this case was tried compels us to reverse and render the trial court wherein it awarded damages to appellee. The judgment is reversed to that extent and costs are assessed against appellee.