**C. Cody RAY, Appellant,**

v.

**Joseph F. PETERS, Appellee.**

**No. 4652.**

Court of Civil Appeals of Texas.

Waco.

Nov. 22, 1967.

Hugh Higgins, Cleburne, for appellant.

Walker, Baker & Altaras, Jack C. Altaras, Cleburne, for appellee.

OPINION

WILSON, Justice.

Plaintiff-appellant sought to recover judgment for money paid to defendant. In a non-jury trial the court determined that defendant was not indebted to plaintiff; but that the latter owned a half interest in realty, title to which was adjudged to be in him. No findings of fact were made or requested. We affirm.

Decision in this case is complicated by the difficulty in determining the character of plaintiff's cause of action and by the nature of his points. Plaintiff alleged defendant received payments of $2500, $1100 and $92.10 from him "with the express promise by defendant that said amounts represented plaintiff's investment toward a medical clinic to be built on a certain lot in Alvarado, Texas; that defendant's proposal to plaintiff was

that the parties were to be equal partners in said venture"; that defendant later stated plans to build the clinic were abandoned; that defendant had refused his demands to refund the money paid; that the $92.10 payment was for a survey of the clinic site, which "did not benefit plaintiff in any manner." He prayed judgment for these sums and interest paid on money borrowed by him, pleading that "pursuant to the proposal by defendant of said partnership", he had borrowed the money to invest in the venture.

Plaintiff's initial points are to the effect that the court erred in holding plaintiff and defendant had formed a partnership or that the land, an interest in which was awarded to him by the judgment, was a partnership asset. The argument is there is no evidence to support these conclusions.

■ These points must be overruled. The court did not make the determinations complained of, and they are not necessarily implicit in the judgment. Had they been, plaintiff's pleadings alone would have justified them. His allegations are that he paid the money to defendant upon the express promise by the latter that it constituted investment in a medical clinic in which they "were to be equal partners", and that "pursuant to the proposal by defendant of said partnership", and in reliance thereon, he borowed the money invested therein. The admissions in the pleading are effective to establish the partnership, irrespective of whether there is any evidence on the issue. Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102, 105; Rose v. Baker, 138 Tex. 554, 160 S.W.2d 515; 45 Tex.Jur.2d Sec. 82, p. 517; id., Sec. 86, p. 527.

■ Even if the pleading had not constituted an admission of partnership, the evidence was adequate to establish that fact, and that the realty was a partnership asset. Plaintiff testified his investment represented his "interest in a clinic to be built" on the land in question, and "it was supposed to be a fifty-fifty venture"; that he and defendant "were to be fifty-fifty partners." Defendant testified they were to be "fifty-fifty partners" as owners of the planned clinic.

■ Plaintiff's third point is that his money "should have been returned" in "equity and good conscience". This appeal to equitable relief invokes the maxim, "equity follows the law", under which equity will not create a remedy where there is no legal liability. 27 Am.Jur.2d, Equity, Secs. 120, 123.

■ The trial court apparently concluded, as the evidence authorizes, that defendant, who had record title, held the equitable title to the realty as trustee for plaintiff's benefit; and that the sums advanced by plaintiff represented the purchase price of his interest. See Art. 6132b, Sec. 21(1), Vernon's Ann.Civ.St.

■ Plaintiff testified the venture was "abandoned by slow death." On dissolution of a partnership each partner is entitled to share in partnership assets in proportion to his investment. 44 Tex.Jur.2d Sec. 193, p. 518.

There is no complaint by appellee as to that portion of the judgment adjudging an undivided one-half interest in the realty to be vested in plaintiff.

The judgment is affirmed.