**ROLLINS LEASING CORPORATION,**
Appellant,

v.

**Ernest BARKLEY, Jr., et al., Appellees.**

**No. 927.**

Court of Civil Appeals of Texas,
Corpus Christi.

Feb. 27, 1975.

Rehearing Denied March 31, 1975.

John C. Holmgreen, Jr., Branscomb, Gary, Thomasson & Hall, Corpus Christi, for appellant.

M. W. Meredith, Jr., Meredith & Donnell, Corpus Christi, for appellees.

OPINION

NYE, Chief Justice.

This is a bailment case. This lawsuit was brought by James J. Casey and his employer, A & A Meat Company, against Maximilliano Garza, his employer, Barkley Feed & Seed Company, Ernest Barkley, Jr. and James L. Donaldson for personal injuries and property damages arising out of a collision between a tractor-trailer truck driven by Casey and a similar vehicle driven by Garza. Rollins Leasing Corporation, having leased the truck-tractor to A & A intervened to recover from the defendant the damages which it suffered from the total destruction and loss of use of its vehicle. Trial was to a jury which found that Garza was negligent and Casey was contributorily negligent and that such acts were the proximate cause of the collision. The court entered judgment for defendants

and a take nothing judgment for Rollins Leasing Corporation. Only Rollins has duly perfected its appeal.

This case comes to us on an agreed statement of facts. It appears that Rollins was in the business of leasing equipment. Rollins and A & A Meat Company entered into a short term rental agreement by which A & A leased from Rollins a certain truck-tractor to be used in its business operations. On May 6, 1971, James J. Casey, an employee of A & A while in the course and scope of his employment was involved in a collision with Maximilliano Garza, an employee of Barkley Feed & Seed Company. The parties stipulated that the truck-tractor unit leased by Rollins to A & A was a total loss; that the truck-tractor was valued at $18,000.00 before the collision and that the reasonable market value of the same vehicle immediately after the accident on May 6, 1971, was $3,000.00.

Suit was then brought by Casey and his employer, A & A Meat Company, against defendants Garza, his employer, Barkley Feed & Seed Company, a partnership, and its partners, Ernest Barkley, Jr. and James L. Donaldson, for personal injuries and property damages arising out of the collision. Rollins Leasing Corporation intervened to recover from the defendants the damages which it suffered from the total destruction and loss of use of the vehicle.

Rollins Leasing Corporation in its first point of error asserts that the trial court, in absence of evidence establishing that Rollins had control over Casey's conduct erred in imputing Casey's contributory negligence to Rollins. Appellant contends that the trial court in imputing Casey's contributory negligence to Rollins did so upon an archaic theory of bailment which has been sharply criticized by authorities and has been abandoned by our Supreme Court.

The first question which we must decide is whether or not the evidence establishes a bailor-bailee relationship between A & A Meat Company as bailee and Rollins, the appellant, as bailor. In the transcript, there is a document entitled "Stipulation to limit transcript and statement of Facts". Both parties stipulated and agreed to the following facts:

"(i) Rollins Leasing Corporation was the owner of an international Harvester Truck-Tractor, Model No. COF–4070A, which it leased to A & A Meat Company, Inc.; and

(ii) Rollins Leasing Corporation and A & A Meat Company, Inc. entered into Short Term Rental Agreements or contracts, which are collectively identified as Plaintiff's Exhibit 42, and one of which is stipulated by counsel to be treated as part of the Transcript for the purpose of this appeal."

Exhibit 42 denoted a "Short Term Rental Agreement" provides that Rollins (as owner) would rent or lease to A & A Meat Company a certain described vehicle for a period beginning March 4, 1971, and ending March 11, 1971. In return for such use of the vehicle A & A would pay a total rental price of $666.53. A & A acknowledges in the agreement that said vehicle was the property of Rollins.

A bailment is a consensual relation, and it has been described as a species of trust or quasi-trust agreement, and when the term is used in its broadest sense, it indicates any delivering of personal property in trust for a lawful purpose. A contract of bailment is premised on uninterrupted retention of title in the bailor, and is based on the transfer of goods pursuant to agreement, express or implied, that they will be returned or accounted for by the parties to whom they are delivered, and the very essence of a contract of bailment is that after its purpose has been fulfilled, the bailed property shall be redelivered to the person who delivered it, or otherwise dealt with according to his direction. 8 C.J.S. Bailments § 1; 8 Tex.Jur. 2d, Bailments § 1(1959); Yoakum Grain, Inc. v. Energy Industries, Inc., 511 S.W.2d

95 (Tex.Civ.App.—Corpus Christi 1974, no writ); Western Woods Products Company v. Bagley, 274 S.W.2d 111 (Tex.Civ.App.—Texarkana 1954, writ ref'd n. r. e.); Weir v. Petty, 355 S.W.2d 192 (Tex.Civ.App.—Amarillo 1962, writ ref'd); Texas Western Financial Corp. v. Ideal Builders Hardw. Co., 481 S.W.2d 919 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.). The relationship between Rollins Leasing Corporation and A & A Meat Company is unquestionably that of a bailment.

■ The next question then is whether contributory negligence of a bailee is imputed to the bailor so as to bar recovery by bailor against a negligent third party. As early as 1885, our Supreme Court in T & P R'y Co. v. Tankersley, 63 Tex. 57 (Tex.Comm'n App.1885, opinion adopted) held the contributory negligence of the bailee of cotton destroyed by fire communicated by a railroad engine was imputed to the owner (bailor) of such cotton and a defense to an action against the railroad company for negligently destroying the cotton.

Texas Courts have consistently followed the rule and in Rose v. Baker, 138 Tex. 554, 160 S.W.2d 515 (1942), our Supreme Court held:

> "The rule has long prevailed in this State that where a bailor entrusts his property into the care, custody, and control of a bailee, and damage results to such property while in the hands of the bailee, as a result of negligence on the part of a third party and contributory negligence on the part of the bailee, the contributory negligence of the bailee is imputed to the bailor, so as to bar recovery by bailor in his suit against the negligent third party."

See also Langford Motor Co. v. McClung Construction Company, Inc., 46 S.W.2d 388 (Tex.Civ.App.—Eastland 1932, writ ref'd); Weir v. Petty, 355 S.W.2d 192 (Tex.Civ.App.—Amarillo 1962, writ ref'd); Socony Mobile Oil Company v. Slater, 412 S.W.2d 349 (Tex.Civ.App.—El Paso 1967, writ ref'd n. r. e.).

The appellant on the other hand states that this doctrine is a groundless legal fiction which has mechanically denied recovery to faultless plaintiffs by arbitrarily tagging them with conclusory adjectives which bore no correspondence to the real and practical aspects of their relationship to third parties. Rollins argues that these labels of bailment have precluded any reasoned search for significant facts which might justify charging blameless plaintiffs with a third parties' conduct. Citing W. Prosser, Law of Torts, Section 94, page 491 (Fourth Edition 1971). He argues that this law has been condemned and criticized in Rose v. Baker, 138 Tex. 554, 160 S.W.2d 515, 517 (1942, Alexander, C. J., dissenting). Langford Motor Co. v. McClung Construction Company, Inc., 46 S.W.2d 388–389 (Tex.Civ.App.—Eastland 1932, writ ref'd, Funderburk, J., dissenting) and see Page Keeton, Imputing Contributory Negligence, 23 Tex.L.Rev. 161, 177–179 (1935). Finally, the appellant cites to us the late Supreme Court opinion in Shoemaker v. Estate of Whistler, 513 S.W.2d 10 (Tex.Sup.1974), where he says that the Supreme Court has proceeded toward substantial limitation of the imputed contributory negligence doctrine. See the quote from Professor Prosser's work at page 14 of the opinion.

The Shoemaker case was concerned with the vicarious liability of joint owners of an airplane under the doctrine of joint enterprise. It did not overrule the long standing doctrine of imputing contributory negligence in a bailee-bailor relationship. We hold that the Supreme Court of Texas has not abandoned the rule of law of imputing the contributory negligence of a bailee to a bailor. When a principle, rule or provision of law has been decided by the Supreme Court, or the highest court of the state having jurisdiction of the particular case, the decision is accepted as binding precedent by the same court or other courts of lower rank when the very point

is again presented in a subsequent suit between different parties. Swilley v. McCain, 374 S.W.2d 871 (Tex.Sup.1964). See also Metal Structures Corp. v. Plains Textiles, Inc., 470 S.W.2d 93 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.); Coleman v. Beaumont Independent School District, 496 S.W.2d 245 (Tex.Civ.App.—Beaumont 1973, writ ref'd n. r. e.); Langford Motor Co. v. McClung Construction Company, Inc., 46 S.W.2d 388 (Tex.Civ.App.—Eastland 1932, writ ref'd). Appellant's first point of error is overruled.

 Appellant's second point of error is that the trial court erred in granting judgment for appellees because appellees waived their independent ground of defense of imputation of negligence by failing to request a jury issue on whether a bailment relationship existed between Rollins and A & A Meat Company. Citing Rule 279, Texas Rules of Civil Procedure. It is true that an independent ground of recovery or defense not conclusively established by the evidence is waived if no issue thereon is given or requested. Glens Falls Insurance Company v. Peters, 386 S.W.2d 529 (Tex.Sup.1969); Yoakum Grain, Inc. v. Energy Industries, Inc., supra. Rule 279. However, the stipulations of the parties showed that their contractual relationship established the bailment. There was no evidence to the contrary. In Yoakum, we held that if a defendant seeks to escape liability for his own negligence by imputing the contributory negligence of another tort-feasor to a non-negligent plaintiff that defendant has the burden of obtaining jury findings sustaining the relationship. Appellant's second point of error is overruled.

There appears to be a further reason for overruling the appellant's second as well as its third point of error. The appellant failed to distinctly set out its second or third grounds of error in the motion for new trial. See Rule 374 T.R. C.P. An assignment of error in a motion for new trial is a formal complaint concerning some action of the trial court and its purpose is to apprise the trial court of its erroneous actions or rulings and allow the court to reconsider the propriety of its rulings. Here, the appellant failed to apprise the trial court of the complaint they are now asserting in this Court. Therefore, the points of error are waived. Where a motion for new trial is required, as was the case here, appellate courts can consider only complaints raised by assignments of error therein. Rules 320, 321, 324 and 374, T.R.C.P. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960); Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407 (1943). Appellant's second and third points of error are overruled.

Judgment of the trial court is affirmed.