ROLLINS LEASING CORPORATION,
Petitioner,

v.

Ernest BARKLEY, Jr., et al.,
Respondents.

No. B–5275.

Supreme Court of Texas.

Dec. 31, 1975.

Rehearing Denied Feb. 4, 1976.

Gary, Thomasson, Hall & Marks, John C. Holmgreen, Jr., Corpus Christi, for petitioner.

Meredith & Donnell, M. W. Meredith, Jr. and Walter Clay Cooke, Corpus Christi, for respondents.

DENTON, Justice.

Rollins Leasing Corporation leased, to A&A Meat Company, a truck-tractor vehicle which was subsequently destroyed in a collision with a vehicle owned by defendant Barkley. A&A Meat, and its employee driver James J. Casey, filed suit against Barkley and others for personal injuries and property damage sustained in that collision. Rollins Leasing Corporation intervened in this suit to recover damages from the defendants for the destruction and loss of use of its vehicle. In answer to special issues the jury found that the defendant was negligent and that Casey was contributorily negligent. Both such acts were found to be the proximate cause of the accident. The trial court entered judgment for defendants and a take nothing judgment against Rollins Leasing Corporation.

The plaintiffs appealed separately and only Rollins is before us now. The court of civil appeals affirmed the judgment as to Rollins, holding that a bailment situation existed, that the contributory negligence of the bailee, A&A Meat, was imputed to the bailor, Rollins, and that Rollins was therefore precluded from recovering from a negligent third party. 520 S.W.2d 539. We reverse the judgment of the court of civil appeals and render judgment for the petitioner.

Rollins, being in the equipment rental business, leased a truck-tractor unit to A&A Meat for use in its business operations. On May 6, 1971, while the vehicle was being

operated by an A&A Meat employee, James J. Casey, a collision occurred with a truck owned by Barkley. Both Casey and Maximilliano Garza, the employee-operator of the Barkley truck, were acting within the scope of their employment when the accident occurred.

At trial Rollins and the defendants stipulated that the truck-tractor vehicle was totally destroyed by the accident. It was further stipulated that the vehicle had a market value of $18,000 prior to the collision and a market value of $3000 immediately after the collision. Because of the contributory negligence of A&A Meat, through its employee Casey, the courts below have held that Rollins is barred from recovering for the destruction of its vehicle. The question before us is whether Rollins is to be denied its stipulated damages by the imputation to it of its bailee's negligent conduct in the absence of any evidence that Rollins had a right to control the bailee or its agent.

This Court has uniformly held that lease arrangements of this nature create a bailment situation wherein A&A Meat is the bailee and Rollins, the plaintiff, is the bailor. Historically the rule in this State has been that when contributory negligence is proven against a bailee such contributory negligence is imputed to the bailor and prevents the bailor from recovering against a negligent third party. *Rose v. Baker,* 138 Tex. 554, 160 S.W.2d 515 (1942); *Weir v. Petty,* 355 S.W.2d 192 (Tex.Civ.App.—Amarillo 1962, writ ref'd); *Langford Motor Co. v. McClung Construction Company, Inc.,* 46 S.W.2d 388 (Tex.Civ.App.—Eastland 1932, writ ref'd).

This approach was first enunciated in Texas by the Court in *Texas & Pacific Ry. Co. v. Tankersley,* 63 Tex. 57 (1885). The Court in that case adopted the then majority rule and supported the imputation of contributory negligence by analogizing the relationship of bailee and bailor to that of agent and principal. Although all other states have now abandoned this rule,[1] Texas still imputes the contributory negligence of the bailee to the bailor on the basis of *stare decisis.* As early as 1932, in the *Langford Motor* case, the courts in this State recognized that *Tankersley* no longer represented the majority rule. Professor Prosser, a recognized scholar in the field of torts, noted the demise of "imputed contributory negligence" in the following manner.

> Until the year 1897, nearly all courts imputed the contributory negligence of a bailee to his bailor, in an action by the latter for damage to the chattel inflicted by the defendant. The basis for the rule was obscure; but it appears to have rested upon the fact that the bailor had selected the bailee, that either might sue the tortfeasor and recover, and therefore it was assumed that there was an identity of their interests, and so the rule in the two suits should be the same. This is still the law in Texas; but with modern acceptance of the interests of the bailor and the bailee as quite separate and distinct, the earlier decisions have been overruled everywhere else. It is now held that in the absence of statute the bailment is not sufficient in itself to impute the contributory negligence of the bailee, and that the bailor will be charged with such negligence only where there are additional factors which would make him liable to a third person as a defendant. The negligence of the bailee will bar his recovery for any damage to his own interest, but will not prevent a recovery by the bailor. W. Prosser, Law of Torts § 74, page 491 (4th ed. 1971).

Since *Tankersley* there have been several strong and well reasoned dissents by members of this Court as to the continued efficacy of this rule. *See, Langford Motor Co.*

---

1. *See,* Imputed Contributory Negligence in Bailments, 14 Baylor L.Rev. 192 (1962), for a discussion on the background of this rule and citation to states which have now abandoned it; 8 C.J.S. *Bailments,* § 56(1), p. 576; 2 Harper & James, The Law of Torts § 23.6 p. 1273 (1956); 8 Am.Jur.2d Bailments § 253 p. 1139.

*v. McClung Const. Co., Inc., supra; Rose v. Baker, supra.* In *Rose,* Chief Justice Alexander, dissenting, stated that:

> I am not in accord with the holding in the majority opinion that contributory negligence on the part of the bailee should defeat the right of the bailor to recover damages from a third party for injuries to the bailor's property in the hands of the bailee. The bailee in this instance was not the agent or the servant of the bailor. He was employed to pack and transport the bailor's property in such manner as he thought proper. The bailee was therefore an independent contractor, and the relation of principal and agent, or master and servant, was not involved. Under these circumstances, the bailor should not be held responsible for the contributory negligence of the bailee. 160 S.W.2d at 517.

 Chief Justice Alexander's position adopts in effect the same rule adopted by the majority of courts in rejecting the doctrine of "imputed contributory negligence." Simply put, the rule recognizes that if the bailor cannot be held vicariously liable for the negligence of a bailee in custody of his chattel, then neither can the contributory negligence of that bailee be imputed to him when he is the plaintiff seeking to recover from a negligent third party. In *Bertrand v. Mutual Motor Co.,* 38 S.W.2d 417 (Tex. Civ.App.—Eastland 1931, writ ref'd), we approved the rule that the bailor of an automobile, who had no control over its operation by the bailee, was not liable to a third party for injuries arising from the bailee's negligence.

This test recognizes that in the absence of some type of control relationship, there is no more reason in logic to automatically impute contributory negligence than there is to so impute primary negligence. Professor Prosser states it as follows:

> Except for vestigial remnants which are at most moribund historical survivals, "imputed contributory negligence" in its own right has now disappeared. The result at which the courts have arrived is that the plaintiff will never be barred from recovery by the negligence of a third person unless the relation between them is such that the plaintiff would be vicariously liable as a defendant to another who might be injured. W. Prosser, Law of Torts, § 74, page 488 (4th ed. 1971). *Cf., Shoemaker v. Estate of Whistler,* 513 S.W.2d 10 (Tex.1974).

The bailment in this case is not based on an agency or control relationship between Rollins and A&A Meat. In fact any such control relationship is specifically excluded and denied by the terms of their contract. The previous rule allowing the imputation of contributory negligence by a bailee to a bailor is rejected and the following cases holding to the contrary are hereby overruled: *Rose v. Baker,* 138 Tex. 554, 160 S.W.2d 515 (1942); *Texas & Pacific Ry. Co. v. Tankersley,* 63 Tex. 57 (1885); *Weir v. Petty,* 355 S.W.2d 192 (Tex.Civ.App.— Amarillo 1962, writ ref'd); *Langford Motor Co. v. McClung Construction Company, Inc.,* 46 S.W.2d 388 (Tex.Civ.App.—Eastland 1932, writ ref'd). We, therefore, hold Rollins is not barred from recovering the value of its totally destroyed truck-tractor because of the contributory negligence of its bailee.

Accordingly the judgment of the court of civil appeals is reversed. In accordance with the stipulation of the parties as to the damages to the petitioner's truck-tractor, judgment is here rendered that petitioner Rollins Leasing Corporation do have and recover from respondents Ernest Barkley, Jr., et al., the sum of $15,000, together with interest from date of the trial court judgment.