### BAKER et al. v. ROSE.

### No. 5597.

Court of Civil Appeals of Texas. Amarillo.

Feb. 28, 1944.

Rehearing Denied April 3, 1944.

Walter S. Hart, of Houston, for appellant J. D. Wharton.

B. C. Johnson, of Houston, for appellant James B. Baker.

C. A. Lord, of Beaumont, for appellee.

HEARE, Justice.

This is the second appeal of this cause. The opinion of the Court of Civil Appeals on the former appeal is reported in Rose v. Baker, 146 S.W.2d 212, and the opinion of the Supreme Court is reported in 138 Tex. 554, 160 S.W.2d 515.

The statement of the facts and transactions between the parties through the first trial is contained in the opinion of the Court of Civil Appeals and will not be here repeated, but that opinion, together with the opinion of the Supreme Court, is referred to for a proper understanding of this case. It will be noted that the plaintiff, James B. Baker, originally sued the defendant, J. D. Wharton, on a contract of bailment, alleging nondelivery of plaintiff's household goods which Wharton was under contract to deliver to plaintiff at Baton Rouge, Louisiana; that Wharton impleaded the defendant, J. H. Rose, alleging that by reason of negligence chargeable to the defendant Rose, the household goods in question were destroyed and that a truck belonging to Wharton was damaged in a collision between this truck and one belonging to Rose; and that Wharton sought judgment over against Rose for any judgment that might be rendered against Wharton, as well as judgment against Rose for truck damages sustained by Wharton. Plaintiff Baker then filed his second amended original petition, abandoning his contract action against Wharton, and sought recovery of his damages for loss of his furniture because of the alleged tortious conduct of both defendants, Wharton and Rose. The Supreme Court held that the general demurrer interposed by Rose to Baker's petition should have been sustained in view of the fact that Baker alleged negligence on the part of his bailee Wharton as a contributing cause of the damage, and the case was reversed and remanded to the trial court for further proceedings in accordance with the opinion of the Supreme Court.

After the return of the mandate to the trial court, plaintiff Baker filed his third amended original petition, complaining of Wharton and Rose, alleging an agreement on the part of Wharton to transport plaintiff's household goods to Baton Rouge, Louisiana, and alleging that by reason of a number of specified acts of negligence on the part of Rose, the household goods were destroyed and plaintiff was damaged in the sum of $1,500. It will be noted that in this amended pleading Baker did not charge Wharton with any act of negligence as a basis for plaintiff's claim for damages. Wharton likewise filed amended pleadings, charging Rose with specified acts of negligence, and sought judgment against Rose for damages which he had suffered by reason of damage to his truck in the collision between his truck and the truck for which Rose was responsible.

Rose filed a plea in abatement to Wharton's asserted action against him, alleging a misjoinder of parties and causes of action. The plea in abatement was sustained by the trial court and a journal entry dated October 23, 1942, ordered the plea in abatement sustained because there was a misjoinder of parties and causes of action and ordered the dismissal of Wharton's cause of action against Rose.

Rose also filed a plea in abatement to plaintiff Baker's third amended original petition, alleging that the matters and things complained of by Baker had already been disposed of by reason of former proceedings in the cause and pleaded res judicata and estoppel as against Baker's petition in so far as it sought a recovery against Rose. This plea in abatement was likewise sustained by the trial court, and by journal entry dated October 23, 1942, it was ordered that "the suit of the plaintiff, James B. Baker, is in all things abated as to every cause of action asserted by him against the defendant, J. H. Rose." Thereafter, on December 30, 1942, the plaintiff Baker and the defendant Wharton, through their respective attorneys, filed a stipulation of facts in the trial court, waiving a jury and stipulating that the facts found by the jury upon the former trial of the cause, together with the additional facts as set out in the stipulation "are and constitute the facts in the trial of this cause," and on such stipulation of facts the case was submitted to the court for determination of the issues between the plaintiff Baker and the defendant Wharton. Upon this stipulation of facts the trial court, on January 2, 1943, rendered and entered a judgment in favor of the plaintiff Baker

against the defendant Wharton for the sum of $1,500, and further decreed that the amended motions of Baker and Wharton to set aside the orders of October 23, 1942, sustaining the respective pleas in abatement of J. H. Rose, were in all things overruled. Both Baker and Wharton gave notice of appeal from the judgment and decree of the trial court.

The appeal was originally to the Court of Civil Appeals for the Ninth Supreme Judicial District. The cause was transferred to this Court by order of the Supreme Court dated November 8, 1943.

■ Appellee Rose filed herein on February 24, 1943, a motion to dismiss the appeal of Baker, and a similar motion to dismiss the appeal of Wharton, contending that the Court of Civil Appeals has no jurisdiction because the orders of the trial court dated October 23, 1942, sustaining the pleas in abatement interposed by appellee, were final orders and constituted a final judgment, and that no appeal from said orders was taken within the time required by law. These motions to dismiss the respective appeals were overruled by the Court of Civil Appeals for the Ninth Supreme Judicial District without written opinion on April 7, 1943. However, appellee devotes his entire brief in answer to the brief of appellant Wharton and his entire brief in answer to the brief of appellant Baker to a challenge of the jurisdiction of the Court of Civil Appeals. The contention by appellee that this Court does not have jurisdiction of the appeal of either appealing party will be overruled, not only because the same contention was made in the motions of appellee to dismiss the respective appeals and was passed upon adversely to appellee by the Court of Civil Appeals for the Ninth Supreme Judicial District, but also for the specific reason that the decrees of the trial court dated October 23, 1942, sustaining the pleas in abatement interposed by the appellee and as evidenced by journal entries of that date, were interlocutory and did not constitute a final judgment from which an appeal could be taken. The only final judgment entered in this case since its former appeal is dated January 2, 1943. Wootters v. Kauffman, 67 Tex. 488, 3 S.W. 465; Martin v. Crow, 28 Tex. 613, 614; Anderson v. Claxton, Tex.Civ. App., 291 S.W. 960. See also 80 A.L.R. 1186, annotation, and 114 A.L.R. 759, supplemental annotation.

■ The appellant Wharton complains of the action of the trial court in sustaining the plea of misjoinder of parties and causes of action interposed by the appellee Rose against the cause of action asserted by Wharton against Rose. It will be noted that this alleged cause of action was for damages which Wharton sustained by reason of his truck having been damaged in the collision with the truck belonging to Rose. Plaintiff, in his pleadings involved in the first appeal, asserted joint liability to him by Wharton and Rose. In his amended pleadings filed after the case was remanded by the Supreme Court, the plaintiff omitted any claim of such joint liability and omitted any allegation of negligence on the part of Wharton as contributing to plaintiff's damage. Appellant Wharton contends that because a similar plea in abatement was overruled by the trial court in the first trial and because the Court of Civil Appeals affirmed the first judgment of the trial court, this became the law of the case and the trial court could not, on the second trial, sustain a similar plea in abatement. Without passing on the question of whether or not the judgment of the Supreme Court set aside this part of the judgment of the Court of Civil Appeals, it will be sufficient to note that Baker's pleadings, as passed on by the Court of Civil Appeals, charged Wharton and Rose with joint liability because of their respective acts of negligence. Wharton pleaded for judgment over against Rose and also asserted his own independent claim for damage. It was within the discretion of the trial court to keep all parties before the court to adjudicate all issues between them arising out of the collision. Rule 40, Texas Rules of Civil Procedure. After the case had been remanded and new pleadings filed, a changed situation existed. Baker did not charge Wharton and Rose with joint liability and did not charge Wharton with negligence. Under such changed condition, the trial court was not bound to follow his own previous decision, affirmed by the Court of Civil Appeals, as the law of the case. In the light of plaintiff's amended pleadings filed after the remand of the case, Wharton's amended pleadings, likewise filed after the remand of the case, clearly brought about a misjoinder of causes of action by setting up an independent claim in favor of Wharton against Rose for damages which he, Wharton, had sustained and the action of the trial

court in sustaining Rose's plea in abatement to Wharton's independent action against Rose was not a reversible error.

■ Appellant Baker complains of the action of the trial court in sustaining the plea in abatement interposed by appellee Rose against the cause of action alleged by appellant Baker in his amended pleadings. Appellee contended in support of his plea in abatement that the disposal of the case by the Supreme Court constituted res judicata as to the matters in controversy between appellant Baker and appellee Rose and that the effect of its ruling was that Baker could not recover against Rose. We cannot agree with appellee in such contention. The Supreme Court plainly held that, under the pleadings as they existed in the record at the time the case was before it, the general demurrer urged by Rose to the plaintiff's petition should have been sustained and the case was reversed and remanded for further proceedings. If the trial court had sustained the general demurrer to the plaintiff's petition instead of overruling it, then the plaintiff would have been entitled to amend his petition in the trial court and insist on further proceedings. If he had failed or refused to amend, then the case would have been dismissed by the trial court. After the Supreme Court held that the general demurrer should have been sustained and the case was again lodged in the trial court, the plaintiff did file amended pleadings before any dismissal of the cause was ordered by the trial court. This he had a right to do and the previous proceedings in the case did not constitute res judicata of the matters and things alleged by the plaintiff as against the defendant Rose. The plaintiff attempted to cure the vice contained in his former petition by amending and omitting any allegation of negligence on the part of his bailee. Under this changed pleading the plea of res judicata and estoppel interposed by defendant Rose could not stand. If this were not the rule, then any time a general demurrer is sustained to a plaintiff's petition a plea of res judicata may be successfully interposed against any amended pleading of the plaintiff. To state such a proposition is to disprove it. We are therefore of the opinion that the trial court erred in sustaining the plea in abatement, founded upon res judicata and estoppel, filed by the defendant Rose against the plaintiff's third amended original petition.

■ As heretofore stated, the case on second trial was submitted to the trial court without a jury upon a stipulation of facts, and upon this stipulation the trial court rendered judgment in favor of the appellant Baker against the appellant Wharton for $1,500. The appellant Wharton complains of the action of the trial court in rendering judgment against him in favor of Baker for this sum, asserting that no contract of bailment is pleaded and that there is no fact foundation for the judgment. The stipulation of facts which was submitted to the trial court and upon which judgment was rendered consists of the findings of the jury in the previous trial and the further stipulation of facts as agreed to by the parties. The record contains the findings of the jury in the previous trial and these findings convicted Rose of negligence and acquitted Wharton of any negligence in connection with the collision which caused appellant Baker's household goods to be destroyed. The further stipulation of facts agreed to by plaintiff Baker and defendant Wharton generously convicted Rose, who had already been dismissed from the suit, of negligent acts and stipulated that Baker's property of the value of $1,500 and Wharton's property of the value of $1,111 were destroyed by the negligent acts chargeable to Rose and that no portion of these damages had been paid either to Baker or Wharton. We fail to find any fact, either in the findings of the jury in the previous trial or in the additional stipulation of facts filed by the parties making them, which would form any basis for a judgment in favor of Baker against Wharton for any amount. There is no fact stipulation or jury finding that Wharton was Baker's bailee. Wharton is acquitted of any negligence. It is therefore our opinion that the contention of appellant Wharton complaining of this judgment against him in favor of Baker should be sustained and that this part of the judgement should be reversed and rendered in favor of Wharton.

For the reasons stated, we make the following disposition of the appeal:

(1) The judgment of the trial court sustaining the plea in abatement of appellee Rose urged to the cause of action asserted by appellant Wharton against appellee Rose will be affirmed.

(2) The judgment of the trial court sustaining the plea in abatement of the ap-

pellee Rose urged to the amended pleadings and cause of action of appellant Baker will be reversed, and that part of the cause remanded for further proceedings.

(3) The judgment entered by the trial court in favor of appellant Baker against the appellant Wharton for the sum of $1,500, with interest and costs, will be reversed and rendered and judgment entered that the plaintiff Baker take nothing against the defendant Wharton.