## J. H. Rose v. James B. Baker et al.

No. A-162. Decided November 1, 1944.
Rehearing overruled December 6, 1944.
(183 S. W., 2d Series, 438.)

C. A. Lord, of Beaumont, for petitioner J. H. Rose, *Walter S. Hart*, of Houston, for petitioner, J. D. Wharton.

Baker's (respondent) Third Amended Petition, filed after the return of the mandate from the Supreme Court to the trial court, not changing his cause of action alleged in his second amended petition, upon which the former trial was had, the trial court's entertainment and sustaining of Rose's Second Plea in abatement because of misjoinder of parties and causes of action as to Wharton's claim against Rose for his personal loss in the collision, was error. Reed v. James, 113 S. W. (2d) 580; Dallas Storage & Warehouse Co. v. Taylor, 124 Texas 315, '77 S. W. (2d) 1031; Solomon v. Harrison, 81 S. W. (2d) 164.

*B. C. Johnson,* of Houston, for respondent, Baker.

On the question of abatement of the suit. Lubell v. Sutton, 164 S. W. (2d) 41; Fitzgerald v. Lane, 137 Texas 514, 155 S. W. (2d) 602; Federal Underwriters v. Bailey, 175 S. W. (2d) 618.

MR. JUDGE TAYLOR, of the Commission of Appeals, delivered the opinion for the Court.

This is the second appeal of this case. James B. Baker filed suit against J. D. Wharton alleging that he had delivered to him his household goods at Houston for transportation to Baton Rouge and that Wharton failed to make delivery, to his damage

in the sum of $1,500.00, the alleged value of the goods. *Wharton in his answer admitted receiving the goods for transportation and impleaded J. H. Rose,* alleging the collision of his truck in which he was transporting the goods with that of Rose, and negligence on the part of Rose which resulted in destroying Baker's goods and injuring Wharton's truck. On the basis of the negligence allegations Wharton impleaded Rose, who, as cross-defendant, answered by plea in abatement alleging misjoinder of causes of action and of parties. Subsequently Baker filed a first amended original petition, complaining of both Rose and Wharton, in addition to his complaint against Wharton for failure to deliver the goods; that their negligent conduct, "jointly and severally," caused the loss of his goods. Subsequent amendments were filed but no new issues were raised in the first trial, in which the jury acquitted Wharton of negligence. It found, however, that Rose was negligent in several particulars which proximately caused the collision between the trucks, and the resulting damages. The trial court rendered judgment for Baker against Rose for $1,500.00; and in favor of Wharton against Rose for $400.00, for damage to Wharton's truck. The trial court further decreed that Baker take nothing against Wharton. Rose appealed. The judgment was affirmed. 146 S. W. (2d) 212. Writ of error was granted upon Rose's application.

This court (opinion by a divided court) turned the case upon the error of the trial court in not sustaining Rose's general demurrer to Baker's petition and, *without foreclosing the claims of any of the parties, "remanded to the trial court" the entire case, "for further proceedings."* 138 Texas 554, 160 S. W. (2d) 515.

After return of the mandate from this court to the trial court Baker filed his third amended original petition, complaining of Wharton and Rose, alleging Wharton's receipt of the goods, an agreement on his part to transport and deliver same; and further that by reason of Rose's negligence his household goods were destroyed, for which he sought recovery against Rose. *Baker did not, however, allege negligence against Wharton as a basis for recovery against him.* Wharton likewise filed amended pleadings, charged Rose with negligence, and sought recovery against him on his (Wharton's) own independent claim for damages to his truck in the sum of $1,100.00, and, in effect, for recoupment of any amount he might be compelled to pay Baker for the negligent destruction of his household goods by Rose.

Rose filed a plea in abatement to Wharton's asserted action against him, alleging misjoinder of parties and causes of action. The plea of misjoinder was sustained October 23, 1942, and Wharton's alleged cause of action against Rose was abated and dismissed.

Rose filed a plea in abatement also to Baker's amended petition, alleging res adjudicata in the former suit of the negligence issued between Baker and himself. This plea in abatement was likewise sustained on October 23rd and the suit of Baker was abated as to every cause of action asserted by him against Rose.

Thereafter on December 30, 1942, Wharton and Baker, to avoid the "time, trouble and expense of a jury trial" between them, filed an agreement to submit to the court for trial without a jury Baker's alleged claim against Wharton based on the latter's contract to transport Baker's goods, together with a stipulation of the agreed facts as between them. The agreed stipulations that were material to the trial of the claim of Baker based on contract, were as follows:

"A. That * * * the collision * * * between the J. H. Rose truck and the J. D. Wharton truck on or about February 21, 1939, * * * resulted in the loss and destruction of James B. Baker's property to the value of $1500.00, * * *.

"B. That * * * the damages sustained by James B. Baker as a result of such collision has never been paid to him, or to anyone for him; * * *."

■ Additional facts (not material to the trial of the contract claim) chiefly those found by the jury upon the first trial relating to the claims based on negligence, were stipulated. They were to the effect that Rose was negligent in the operation of his truck, which proximately caused the losses sustained by Baker and Wharton, respectively; that Wharton's individual property loss was in the sum of $1,100.00, and had not been paid; also that "the insurance carrier covering * * * Wharton's operations at the time of the collision * * *," was insolvent. Not only were the foregoing additional facts not material on the trial of the contract claim, but Baker, by omitting from his amended petition filed after the remand of the case by this court, had abandoned his alleged claim against Wharton and Rose for their alleged "joint and several" negligence, asserted by him on the first trial. Since this state of the record was reflected by the amended pleadings on which the second trial was had, no stipulation of the facts as to negligence found upon the former trial was neces-

sary or pertinent. The additional agreed facts were therefore surplusage, and of course could not have bound Rose had the court proceeded with the trial of the negligence claims after trying the alleged contract cause of action.

On January 2, 1943, the court, after overruling the amended motion of Baker and Wharton to set aside the orders sustaining Rose's respective pleas in abatement above referred to, rendered judgment on the facts agreed upon by Wharton and Baker. We quote therefrom as follows:

"It appearing to the court that the remaining parties herein, to-wit, James B. Baker and J. D. Wharton having made and entered into an agreement stipulating the existing facts between them, and waiving a jury trial and submitting the matter to the court for adjudication, which agreement is approved and filed; and the Court, having considered the pleadings, the facts, and the argument of counsel, is of the opinion, and so orders, adjudges and decrees; * * *

"(3) That the plaintiff, James B. Baker, do have and recover of and from the defendant, J. D. Wharton his damages for his loss sustained in the sum of Fifteen Hundred & no/100 Dollars, with interest thereon at the rate of six per cent per annum from February 21, 1939, until paid, together with all costs not hereinabove adjudged against either James B. Baker or J. D. Wharton. To which ruling and judgment of the court J. D. Wharton then and there in open court excepts."

The remaining recitations of the judgment will later be set out herein and discussed in connection with points hereinafter discussed.

The Court of Civil Appeals reversed and set aside the above quoted part of the trial court's judgment and *rendered judgment that Baker take nothing against Wharton.*

The Court reversed and remanded for further proceedings what will be herein called a second part of the trial court's judgment, and affirmed what will be referred to as a third part of the judgment. 179 S. W. (2d) 339, 342.

Two applications for writ of error were filed, one by Wharton and one by Rose. Both were granted, Wharton's on points later to be discussed, and Rose's was granted because of granting Wharton's.

The following are the recitations of the trial court's judgment not set out above:

"BE IT REMEMBERED that the above * * * cause came on for hearing, and the Court having * * * sustained the plea of misjoinder and in abatement of J. H. Rose to the causes of action asserted against him by J. D. Wharton by amended pleading filed since return of the mandate upon the former trial and appeal of this cause; and also * * * (having) *sustained the plea of res adjudicata of J. H. Rose to the causes of action asserted against him by James B. Baker by amended pleading filed since return of the mandate upon the former trial and appeal of this cause* (italics ours) ; and * * * the Court, having considered the pleadings, the facts and the argument of counsel, is of the opinion, and so orders, adjudges and decrees;

"1. That as to all causes of action asserted by J. D. Wharton against J. H. Rose by amended pleadings filed herein since return of the mandate from the Supreme Court, the said J. H. Rose go hence without day and recover of J. D. Wharton his costs incurred thereby. * * *

"2. That as to all causes of action asserted by James B. Baker against J. H. Rose by amended pleadings filed herein since return of the mandate from the Supreme Court the said J. H. Rose go hence without day * * *.

"4. Amended motions of James B. Baker and J. D. Wharton to set aside the orders of date October 23, 1942, sustaining the pleas of misjoinder and in abatement of J. H. Rose are hereby in all things overruled; * * *."

Wharton and Baker, respectively, excepted to the foregoing decrees of the trial court which sustained Rose's respective pleas in abatement.

We approve the action of the Court of Civil Appeals in overruling Rose's motion to dismiss the appeals by Wharton and Baker. It correctly held that it had jurisdiction of the appeals in which Wharton and Baker, respectively, complained of the trial court's action in sustaining Rose's pleas in abatement as reflected in the decrees of the judgment last above set out.

■ The action of the trial court in proceeding to sever and try the contract cause as above indicated, was not erroneous. Rule 41. As authorized by the rule cited the court severed the claim of Baker against Wharton on the alleged contract of Wharton

to transport Baker's goods and proceeded with it separately. The Rule specifically provides that "any claim against a party may be severed and proceeded with separately," referring of course to a *claim that is a severable part of a controversy which involves more than one cause of action*. The trial court upon the filing by Baker and Wharton of the agreement and stipulation of facts referred to above, exercised his discretion as authorized by the rule cited.

Wharton and Baker were within their rights in making the agreement and stipulations upon which the contract liability as between them was determined. Rule 40. The rule provides that "a plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded," * * * and that "judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities." It was clearly within the trial court's discretion to proceed either in the manner set forth above or to refuse to try the contract action separately. Rules 40 and 41. We are in accord with the holdings of the court below on this point.

■ We are in accord with the trial court's action also in rendering the judgment set out above on the contract claim, and hold that the Court of Civil Appeals erred in reversing that part of the judgment and rendering judgment that Baker take nothing against Wharton on the alleged contract action. That part of the trial court's judgment was supported by the material facts agreed upon by Wharton and Baker, without regard to those pointed out above as immaterial. In fact Wharton in his amended answer to Baker's amended petition on which the case was tried, did not deny Baker's allegations that he received Baker's goods for transportation, their alleged value of $1,500.00, of Wharton's failure to deliver same. The judgment of the Court of Civil Appeals on this part of the trial court's judgment is reversed and set aside and that of the trial court is affirmed.

■ The alleged actions remaining untried after the severance and trial of Baker's contract action, were those predicated on the respective allegations of negligence. They were the claim of Baker against Rose for his alleged negligence proximately causing the destruction of Baker's goods; the two alleged claims of Wharton against Rose, (a) for damage for alleged negligence proximately causing injury to his truck in the sum of $1,100.00, and, in effect, (b) covering his right of recoupment against Rose for any amount collected by Baker in the execution of his con-

tract judgment against Wharton; and Rose's alleged cross claims against Wharton and Baker based on his respective allegations of negligence on Wharton's part in causing the collision.

The Court of Civil Appeals erred in holding that the decrees of the trial court's judgment set out above sustaining Rose's pleas in abatement, were interlocutory. They adjudged respectively that Rose "go hence without day" as to Wharton's claims against him, and that he go hence without day also as to "all causes of action asserted by * * * Baker" against him. The adjudications thus made were not interlocutory, and reflect that the trial court disposed of the claims based on negligence *without a trial on the facts*. The Court of Civil Appeals was therefore in error in affirming the trial court's action in sustaining Rose's pleas in abatement to the negligence claims, and in not reversing the trial court's judgments thereon *on the ground that such claims on the amended pleadings had not been tried on the facts*.

■ It should be stated in this connection that we are in accord with the holding of the Court of Civil Appeals that the trial court erred in sustaining Rose's plea in abatement founded upon res adjudicata to the cause of action asserted against him by Baker in his amended pleadings filed after return of the mandate from this court. The reannouncement by the court in its majority opinion on the first appeal of the rule of law in this state that "the contributory negligence of a bailee is imputed to the bailor," did not adjudicate any issue that might be raised by the parties by amended pleadings filed after the return of the mandate to the trial court. The members of the court were not in disagreement as to whether the rule announced was the law of this state. Chief Justice Alexander recognized in his dissenting opinion that the rule as reannounced in the majority opinion was in accord with the court's former holdings, but dissented on the ground that the rule was wrong and against the weight of authority in other jurisdictions and should be overruled. See dissenting opinion, 138 Texas 558, 160 S. W. (2d) 517. The judgment of the court, notwithstanding its reannouncement of the rule, went no further than to reverse and set aside the judgments of the courts below and remand the case for further proceedings. It foreclosed no fact issue that might arise upon a trial of the negligence claims. See majority opinion, 138 Texas 554, 160 S. W. (2d) 515, 517.

It follows from what has been said that we are in accord also with the holding of the Court of Civil Appeals that the action of the trial court in sustaining Rose's plea in abatement to

Baker's trial petition on the first trial of the case (in which he asserted joint liability to him of Wharton and Rose for their "joint and several" negligence), and the action of the Court of Civil Appeals upon the first appeal in affirming the judgment, did not render the trial court powerless to overrule Rose's plea in abatement to Baker's alleged negligence action against him (Rose) on his amended pleading in the second trial. The question of whether the first holding of the Court of Civil Appeals on Rose's plea in abatement became the law of the case was not before that Court on the second appeal, and is not before this Court, for the reason that Baker's allegations of negligence on his trial petition in the second trial was materially different from those of the first trial in that it contained no allegations of "joint and several" negligence on the part of Rose and Baker. As has already been stated Baker's trial petition on the second trial contained no allegation of negligence against Wharton.

It is hardly necessary to state in this connection that if upon another trial it should be found, as alleged by Rose, that Wharton was guilty of contributory negligence proximately causing the damage sustained on account of the collision, it would be imputed to Baker, and neither Baker nor Wharton could recover against Rose. See the majority and dissenting opinions, supra.

It is unnecessary to further discuss either the errors of the trial court in making the adjudications shown in the recitations of its judgment last above set out, or the errors of the Court of Civil Appeals pointed out above. The alleged actions on the negligence claims sought to be disposed of by the trial court had not been tried on the facts. For this reason alone it should not have sustained any of Rose's pleas in abatement; and the court having severed and tried the contract action, should have thereupon tried the negligence causes, holding in abeyance until the conclusion thereof the orders relating to the issuance of executions.

It is therefore ordered that the second part of the judgment of the Court of Civil Appeals which reverses and sets aside the trial court's judgment thereon and remands it for trial on the merits, be affirmed.

It is further ordered that the third part of the judgment of the Court of Civil Appeals which affirms that of the trial court thereon, be reversed and set aside together with that of the trial court, and that same be likewise remanded for trial on the merits.

It is also further ordered that the part of the judgment of the Court of Civil Appeals which reverses that of the trial court in favor of Baker against Wharton on the contract action and renders judgment in favor of Wharton against Baker thereon be reversed and set aside, and that the trial court's judgment thereon set out above, be affirmed.

In view of the affirmance by this Court of the judgment of Baker against Wharton on the contract action the trial court is instructed that in event of an award in Baker's favor against Rose upon trial of the negligence actions, the judgment should be so conditioned in the matter of the issuance of executions as to restrict the amount collectible by Baker on execution against Rose to the amount remaining unpaid after deducting the amount collected on the issuance and return of Baker's execution against Wharton on the judgment on the contract action herein affirmed; and further that in event awards are decreed in Wharton's favor against Rose, his recovery in recoupment against Rose should be restricted to the amount collected by Baker on his execution against Wharton.

It is also specifically pointed out that the trial of the contract action between Baker and Wharton operated to fix the amount of damage to the household goods, as between them, at $1,500.00; that Baker's allegation of amount, Wharton's agreement thereto, and the judgment, fixed Baker's maximum recovery at that amount. It is specifically pointed out also that such amount is not binding upon Rose, and that the above instructions as to the issuance of execution are predicated upon the amount of damage to the household goods, if any, that may be established upon trial of the negligence actions.

Opinion adopted by the Supreme Court, November 1, 1944.

Rehearing overruled December 6, 1944.