JACK R. ALLEN & COMPANY, Appellant,

v.

WYLER TEXTILES, LTD., Appellee.

No. 16239.

Court of Civil Appeals of Texas.

Dallas.

Oct. 18, 1963.

Matthews, Payne, Sands & Benners, Fred H. Benners, Dallas, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, L. P. Bickel and Jack Pew, Jr., Dallas, for appellee.

BATEMAN, Justice.

The appellant, Jack R. Allen & Company, herein called Allen, appeals from a summary judgment rendered against it in favor of appellee, Wyler Textiles, Ltd., of Hong Kong, herein called Wyler. Allen contracted in writing to sell 500 bales of cotton to Wyler, the contract providing that any disputes arising from the transaction should be referred for arbitration to the Liverpool Cotton Association, whose decision should be final and binding. Only 150 bales were delivered under the contract; Wyler claimed damages for failure to deliver the remaining 350 bales; the dispute was arbitrated according to the contract, the award being in favor of Wyler for the damages claimed. Wyler sued on this award, and Allen entered a counterclaim for damages and also impleaded Farris & Company, herein called Farris, alleged to be liable to indemnify Allen for such damages as Wyler might recover. On motion of Wyler, its suit against Allen and Allen's counterclaim against it were severed and ordered to be tried apart from Allen's cross-claim against Farris, and summary judgment given Wyler for its damages and against Allen on its counterclaim.

By its first two points of error on appeal Allen complains of the order of severance because (1) Wyler's suit, Allen's counterclaim against Wyler and cross-claim against Farris are so interwoven and interdepend-

ent that the court should be free to consider all of them in adjudicating the final rights of all parties, and (2) the action deprives Allen of the opportunity to prosecute its cross-claim without greatly increased expense. Its cross-claim against Farris alleges that on the same day the contract between Allen and Wyler was made Allen made a contract with Farris under which the latter agreed to ship the 500 bales of cotton directly to Wyler in fulfillment of Allen's contract with Wyler; that after shipping the first 150 bales Farris asked Allen to obtain an extension of time for shipment of the other 350 bales; that in response to this request and purely as an accommodation to Farris, Allen corresponded with one Chow, in Hong Kong, who was acting as intermediary between Allen and Wyler, and worked out with Chow what appeared to Allen to be a plan resulting in the extension requested by Farris, and reported to Farris that the extension had been obtained; but that if Allen was held liable to Wyler Allen was entitled to recover over against Farris in the same amount.

Rule 41, Vernon's Texas Rules of Civil Procedure, provides, in part: "Any claim against a party may be severed and proceeded with separately." This gives the trial court broad discretion in such matters and its action will not be disturbed on appeal except for abuse of that discretion. Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588; Rose v. Baker, 143 Tex. 202, 183 S.W.2d 438. No such abuse is shown here. Wyler was entitled to a trial of its case against Allen without being hindered, embarrassed or delayed by the prosecution of Allen's cross-claim against Farris, the outcome of which would not affect Wyler's rights. Pure Oil Co. v. Fowler, 302 S.W.2d 461, err. ref. n. r. e.; Rules 40(b) and 174 (b), Vernon's Texas R.C.P.

Allen also complains in its brief that it was not given proper notice of the motion to sever, which was filed and sustained on the day of the hearing of the motion for summary judgment. However, this complaint is not embraced in any of the points in appellant's brief and is therefore not entitled to be considered as a ground for reversal. Wagley v. Fambrough, Tex.Civ.App., 163 S.W.2d 1072, affirmed, 140 Tex. 577, 169 S.W.2d 478. Moreover, appellant fails to demonstrate any harm or prejudice to it by the short notice, or that it excepted to the order of severance, or requested additional time to meet the new issue. Therefore, no reversible error is shown.

Appellant's third point of error on appeal is that the summary judgment was erroneous because fact issues existed, including whether Chow constituted the real or apparent agent for Wyler and whether the arbitration award sued on by Wyler was grossly erroneous. No showing was made on the hearing of the motion for summary judgment, by affidavits, depositions or otherwise, to indicate the existence of any such fact issues; and appellant's brief does not point to anything in the record by which the trial court could have been persuaded to believe or find that any such fact issue existed. In fact, the deposition testimony of appellant's own president clearly shows that Chow was acting as appellant's agent; and there is nothing in the record, other than appellant's pleading, concerning the validity or correctness of the arbitration award. The third point is accordingly overruled.

By its fourth point of error appellant says the court erred in rendering summary judgment against it on its counterclaim against appellee because appellee did not seek this relief in its motion. We find that in appellee's supplement to its motion this relief is plainly within the prayer. The fourth point is overruled.

Finding no error therein, we affirm the judgment.

Affirmed.