**REPUBLIC NATIONAL LIFE INSUR-
ANCE COMPANY, Appellant,**

v.

**Helen F. BLAIN et al., Appellees.**

**No. 16893.**

Court of Civil Appeals of Texas.

Dallas.

April 14, 1967.

Rehearing Denied May 19, 1967.

J. W. Dewbre and Thomas G. Nash, Jr., Curtis White, of Johnson, Guthrie, White & Stanfield, Dallas, for appellant.

Jack Y. Hardee, of Fields, Fields & Hardee, Athens, for appellees.

DIXON, Chief Justice.

Republic National Life Insurance Company, hereinafter called Republic, has appealed from a summary judgment against it for the sum of $7,600, being $5,000 death benefits, 12 per cent penalty and $2,000 attorney's fee under a group policy and a certificate on the life of Allen J. Blain, deceased.

On January 1, 1948 Republic issued its group policy of life insurance No. 284 to Texas Public Employees Association, hereinafter called T.P.E.A. Coverage was made available to all eligible members of T.P.E.A. This group policy continued in force and effect through December 31, 1964.

Blain had been an employee of Texas State Hospital at Terrell, Texas. There is no question that for a number of years many of the employees of the Hospital, including Blain, were insured under Republic's group policy No. 284 issued to T.P.E.A. Blain had been issued certificate No. 37011.

On November 30, 1963 Blain suffered a serious heart attack and retired as an active employee of the Hospital. Republic's group policy covered retired employees and contained a provision for extended coverage of insurance and waiver of payment of premiums during total disability. On February 18, 1964 Republic accepted Blain as being totally disabled and informed him that his life insurance had been extended and payment of premiums waived during his total disability as provided in policy No. 284.

On February 6, 1964 Republic amended its master policy No. 284 with T.P.E.A. The policy amendment was submitted to the Commissioner of Insurance, was stamped "Approved by Order No. 15494 Feb. 7, 1964, Commissioner of Insurance, State of Texas," and became a part of the policy on February 7, 1964. Material parts of this amendment are copied later in this opinion.

In April 1964 a majority of the employees of the Hospital voted to change and did change the Hospital group coverage from the T.P.E.A. program under Republic's policy No. 284 to group coverage under a policy offered to them by National Bankers Life Insurance Company, hereinafter called National.

On May 6, 1964 the business manager of the Hospital signed a certificate that the Hospital had a group insurance program in effect on that date providing coverage for "Active and Retired Employees of this Department"; that the insurance carrier was National and that Blain was eligible for benefits under the policy. On the same date Blain signed a written authorization to the State Employees Retirement System (not to be confused with T.P.E.A.) directing that group insurance premium payments

to Republic be discontinued and that deductions in the future be paid to National, the cancellation to become effective May 31, 1964.[1]

On July 31, 1964 Republic wrote a letter informing Blain that pursuant to the amendment of February 7, 1964 his insurance coverage had been cancelled as of May 1, 1964. This letter was as follows:

"You were notified by us on February 18, 1964 that your application had been approved for waiver of premium on your life insurance coverage under policy number 284, issued to the Texas Public Employees Association.

"This policy was amended to provide that effective May 1, 1964, and thereafter, insurance for retired personnel would be terminated in the event the unit from which an individual retired adopted a formal program of insurance and certain minimum enrollment was not maintained. Since your eligibility for insurance has terminated in accordance with this provision, there is no longer a necessity for waiver of premium."

Blain replied to the above letter protesting the cancellation of his life insurance coverage. He also wrote a letter of protest to the Commissioner of Insurance at Austin.

Republic wrote additional letters on August 7, 1964 and August 24 reiterating that Blain's insurance had been cancelled.

On October 6, 1964 Blain returned to work for the Hospital. The State Retirement Claims Officer on November 4, 1964 notified Blain that his group insurance premium to National had been deducted from his September retirement benefits for the month of October, but in view of the termination of his disability and his return to work on October 6, 1964 payments would not thereafter be deducted. In the letter Blain was advised to make arrangements for his coverage with National as an active employee of the Hospital.

Copies of Blain's cancelled payroll check from the State Comptroller's office for October in the amount of $159.53 and the cancelled check for $175.72 are a part of the record before us. Appellant says they confirm the fact that Blain had resumed work for "compensation and profit" on October 6, 1964.

On November 30, 1964 Blain died.

The suit against Republic was filed March 19, 1965 by appellee Helen F. Blain, widow of the deceased and the named beneficiary in certificate No. 37011. However, on March 22, 1965 Helen F. Blain filed a

---

1. The written authorization signed by Blain was as follows:
   "(TO BE COMPLETED BY RETIRED MEMBER)
      "I hereby direct the State Employees Retirement System to discontinue deduction for Group Insurance Premium with the Republic National Life Insurance Company of Dallas, Texas under group program and contract with the Texas Public Employees Association. This cancellation shall become effective May 31, 1964.
      "I hereby authorize the State Employees Retirement System to deduct from my monthly annuity, effective June 1, 1964, monthly premiums for my group insurance with National Bankers Life Insurance Company, Certificate
                        (Name of Insurance Company)
   No. 37011, and covered under group insurance program and contract with the Terrell State Hospital, as certified to above.
      (Name of Department)
   "5-6-64                              "Allen J. Blain
   "(Date Signed)                       "Signature of Retired Member
                                        "Box 213
                                        "Street and Number
                                        "Terrell, Texas 75160
                                        "City and State"

separate suit, this one against National under the group policy issued by National, which she alleges included coverage or at least should have included coverage on the life of her husband.

In her petition in her suit against National Mrs. Blain alleges that in April 1964 at a meeting of employees of the Hospital, which meeting she and her husband attended, the agent and representative of National represented orally and in writing that if the employees would change their group coverage from Republic to National no one would suffer loss of any benefit or eligibility due to the change; and that the case of her husband was specifically mentioned, National's agent being informed that Blain at the time had a waiver of premiums on disability in effect with Republic.

Mrs. Blain further alleged in her petition against National that at the above meeting National distributed a printed pamphlet urging the Hospital employees to change their group life insurance coverage from Republic to National. The pamphlet contained this paragraph:

"6. NABLICO guarantees that no one will suffer loss of any benefit or eligibility due to change from TPEA coverage to NABLICO coverage."

It was at this meeting that the employees voted to make the change in coverage from Republic to National.

Appellee does not claim that she is entitled to recover from both insurance companies.

Prior to the trial of this case Republic filed a motion to consolidate the two causes of action so that it could be determined in one trial which of the two insurance companies is liable. National filed an answer contesting the motion. The motion was overruled. Trial proceeded in the suit against Republic alone with the result that judgment was rendered against Republic from which this appeal has been taken. So far as the record shows the separate suit against National is still pending.

## PROVISIONS OF GROUP POLICY NO. 284

The master policy, group policy No. 284, issued to T.P.E.A. by Republic contained these provisions:

" * * * this the 1st day of January 1948, the Effective Date of this Contract, and *the date from which all Contract months and years shall be calculated."* (Emphasis ours.)

"Termination of Individual Insurance— * * * The Insurance on any Employee insured hereunder shall automatically cease *thirty-one days after the due date* of any premium for which Employee fails to make the required contribution." (Emphasis ours.)

"Extended Insurance On Disability— If at the time of discontinuance of premium payments for an Employee's insurance, such Employee while under age 60, is totally disabled from bodily injury or disease which prevents engagement in any occupation for compensation or profit, the insurance will be extended, without payment of premiums, during the continuance of such total disability for a period not to exceed twelve months.

* * * * * *

"If the Employee ceases to be so disabled and is then eligible for insurance under the Policy, insurance will be continued only if premium payments are resumed. If the Employee ceases to be so disabled and is not then eligible for insurance under the Policy, the insurance will automatically cease thirty-one days thereafter. * * *"

"Premium charge for insurance on new Employees and for *increases caused by change in classification shall begin on the first day of the next Contract month after* new Employee becomes eligible or after *such change in classification occurs."* (Emphasis ours.)

The amendment of February 7, 1964 to policy No. 284 was as follows:

"Effective May 1, 1964 persons now insured or who may subsequently become insured as retired persons under this group may be eligible for coverage or to continue coverage provided the State Agency or segment thereof from which they retired from active employment has not adopted a formal group insurance program other than the T.P.E.A. Program and provided the percentage of participants of the active employees eligible for coverage in that agency or segment thereof is not less than 75 per cent of those persons eligible to participate as of January 1, 1963. The number of active persons actually insured as of January 1, 1963, in any agency or segment thereof will for these purposes be considered as 100 per cent of those eligible to participate. *Insurance shall cease at the end of the month during which eligibility ceases.* * * *

"All other provisions contained in said group contract, or amendments or endorsements thereto, not in conflict herewith shall remain unaltered and unchanged." (Emphasis ours.)

CERTIFICATE NO. 37011 issued to Blain under group policy No. 284 contained these provisions:

"Termination of Insurance—Insurance hereunder will terminate under any one of the following conditions at the time stated.

"1.  Upon termination of the Group Policy.

"2.  Thirty-one days after the end of the period for which premiums have been paid, if employee fails to make required contribution toward payment for the insurance."

## OPINION

Appellant Republic summarizes its position as follows:

"* * * (1) the policy and certificate as to Allen J. Blain were not in effect on November 30, 1964, the date of Blain's death, Blain's employer having cancelled the policy in May, 1964 by taking out another policy with National Bankers Life Insurance Company; and (2) because, in the alternative, Blain, having returned to his employment before his death, was no longer totally disabled, within the meaning of the Premium Waiver clause in the policy, and said policy and certificate attempted to be sued upon had lapsed for nonpayment of premiums."

Appellant did not file a motion for summary judgment. On this appeal it takes the position that it was error to render summary judgment for appellee, therefore the judgment should be reversed and the cause remanded for trial.

Appellant rests its appeal on eight points of error. It contends that the trial court erred in sustaining appellee's motion for summary judgment and rendering judgment because (1) there was a genuine issue of fact as to whether prior to the death of Allen J. Blain appellant Republic's policy and certificate had been cancelled and replaced by those issued by National; (2) whether Allen J. Blain consented to or ratified the cancellation of Republic's policy and accepted the promise of coverage by the policy of National were material issues of fact; (3) regardless of whether Republic's policy and certificate had been cancelled prior to Blain's death there was a material fact question as to whether the insurance with Republic had lapsed because of nonpayment of premiums; (4) there was a fact issue as to whether appellee was estopped to deny that Blain's coverage with Republic had terminated before his death; (5) there is a material fact issue as to whether Blain was totally disabled from bodily injury or disease which prevented him from engaging in any occupation for compensation or profit in October and November 1964; (6) it was error to overrule Republic's motion to consolidate this cause with appellee's suit pend-

ing in the same court against National; (7) the motion for summary judgment is founded in part on an affidavit said to be executed by a party whose name is not specified, which said affidavit was never furnished to appellant or filed with the papers in the cause; and (8) there was a material issue of fact as to whether the $2,000 attorney's fee allowed by the court was a reasonable fee.

Appellant admits that its master group policy No. 284 issued to T.P.E.A. was in force and effect at all times from November 30, 1963 through December 31, 1964. This controversy primarily concerns the status of certificate No. 37011 issued to Blain under the terms of the group policy. Appellant contends that Blain's certificate No. 37011 had lapsed due to failure to pay premiums and had been cancelled on other grounds prior to Blain's death on November 30, 1964.

■ We do not agree with appellant that Blain's certificate No. 37011 had lapsed due to failure to pay premiums. It is not disputed that Blain was totally disabled from November 30, 1963 to October 6, 1964, the latter being the date when he returned to work at the Hospital. If we accept October 6, 1964 as the date when his total disability ceased and his right to waiver of premium payments came to an end, the "due date" for the first of his resumed premium payments was November 1, 1964. He did not make this payment on November 1, 1964. But under the terms of the policy and certificate No. 37011 he was entitled to a grace period of thirty-one days after the "due date" before his coverage lapsed for failure to make the monthly premium payment. His death occurred November 30, 1964, which was within the thirty-one day grace period.

Appellant contends that if Blain's total disability ceased on October 6, 1964 his

certificate lapsed for failure to pay his monthly premium because the thirty-one day grace period began running against him on October 6, 1964. As indicated above, we do not agree with this contention.

Appellant says that there is a fact question as to whether Blain's disability ended on October 6, 1964 or later. The mere fact that he did go back to work on October 6, 1964 or at least he tried to, does not necessarily mean that he was really able and in condition to engage "in any occupation for compensation or profit" within the terms of the policy. In Occidental Life Ins. Co. v. Duncan, 404 S.W.2d 52 (Tex.Civ.App., San Antonio, 1966, no writ), in construing a provision similar to the one here involved it was held that total disability does not mean absolute physical inability to perform any of the duties pertaining to his occupation. It is appellant's position that in order to prevail appellee would have to obtain a fact finding that Blain's total disability continued on past October 6, 1964 to some date within thirty-one days of November 30, 1964 when Blain died. Appellee's position is that there is no fact issue because even if we accept appellant's claim that total disability ended on October 6, 1964 the coverage afforded by certificate No. 37011 had not lapsed for failure to pay premiums at the time of Blain's death. We agree with appellee.

■ Appellant claims that Blain's certificate of coverage was automatically cancelled May 1, 1964 under the terms of the amendment to policy No. 284 when the employees of the Hospital "splintered off" from the T.P.E.A. coverage afforded by policy No. 284 and obtained coverage under the terms of a group policy issued to the Hospital by National.[2]

2. In its Reply to Appellee's Brief appellant calls our attention to Art. 3.50, Sec. 1, par. (1) (b) of the Insurance Code, V. A.T.S. which provides that no group policy shall be delivered in this state or may

be placed in force where part of the premium is paid by the employees unless at least 75% of the eligible employees elect to make the required contributions. Appellant says that the amendment to

Again we do not agree with appellant. When Blain retired due to total disability on November 30, 1963 and his total disability was accepted by Republic on February 18, 1964 and payment of premiums was waived, Blain's rights under the master policy and under his certificate became vested. Republic could not deprive Blain of his coverage by invoking the terms of an amendment to policy No. 284 which was approved February 7, 1964 (subsequent to Blain's retirement), which amendment under its own terms did not go into effect until May 1, 1964 (subsequent to Republic's acceptance and acknowledgment of Blain's total disability). Republic could not cancel Blain's coverage during the extension period because the Hospital employees had "splintered off" from T.P.E.A.'s group policy coverage.

The provision on which appellee relies is much more than a mere waiver of the payment of premiums. It is expressly captioned "Extended Insurance on Disability". It is true that this "Extended Insurance" is "without payment of premiums," but the latter provision is part of the "Extended Insurance on Disability" provision and its terms.

■ At first glance it might seem that Blain had agreed to the abrogation of his retirement, disability and waiver-of-premium rights under his certificate No. 37011 with Republic by signing the authorization of May 6, 1964. By this instrument he directed the State Employees Retirement System (not T.P.E.A.) to discontinue as of May 31, 1964 deduction of monthly premium payments for his insurance with Republic and thenceforth to deduct monthly premium payments for his group insurance with National. On closer examination of the situation we have concluded that the document cannot be construed as an agreement or consent by Blain to the abrogation of his vested rights under his certificate No. 37011 with Republic. We have come to this conclusion for these reasons:

(1) The authorization was not directed either to Republic or T.P.E.A. and did not authorize either of them to cancel his existing retirement disability, or waiver-of-premium rights under group policy No. 284 or certificate No. 37011. It was directed only to the State Employees Retirement System in regard to the payment of future premium payments. This was a transaction between the Retirement System and Blain to which T.P.E.A. and Republic were not parties.

(2) It expressly directed the System to discontinue deduction for premium payments to Republic. This was not inconsistent with Blain's vested rights under Republic's policy, for it is undisputed that at that time he was under no obligation to make any premium payments to Republic. He was admittedly on a disability retirement and his insurance coverage had been extended without payment of premiums.

(3) At the time Blain signed the authorization Blain had not yet been informed by Republic by its letter of July 3, 1964 that it claimed that Blain's coverage had been cancelled as of May 1, 1964 pursuant to the amendment to policy No. 284, of which amendment Republic does not claim it had given Blain any prior notice.

■ Appellant's first, second, third and fifth points are overruled.

Under the circumstances we see no fact issue of estoppel because appellee filed a suit against National for recovery of alleged life insurance benefits. Republic had already claimed cancellation of Blain's coverage and denied liability long before appellee filed suit against National. The subsequent filing of said suit against Na-

policy No. 284 "was placed upon the policy in obedience to" the above statutory requirement.

The statute pertains to the delivery or placing in force of a policy. It nowhere says that after a policy has been duly and legally delivered and placed in force and after rights of an insured have become fixed and vested under such a valid policy, it may be cancelled without notice if the number of contributors falls below 75% of the eligible employees.

tional could not have led Republic to change its position into a denial of appellee's claim. Republic admits that appellee had made request for papers necessary to be used in making a claim for death benefits which request Republic had already refused on the ground that the policy was not in force. Appellant's fourth point is overruled.

 We do not consider that it was reversible error for the court to overrule appellant's motion to consolidate the suits filed by appellee against Republic and National. Rules 37–43, 94 and 174, Vernon's Texas Rules of Civil Procedure, bestow a broad discretionary power on courts in the matter of consolidation of causes. Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588, 591; Rose v. Baker, 143 Tex. 202, 183 S.W.2d 438. We cannot say that there was an abuse of discretion in this case. The sixth point is overruled.

In her motion for summary judgment appellee refers to pleadings, defendant's answers to plaintiff's interrogatories including exhibits attached thereto "and the affidavit of _____." The record contains no such affidavit. Appellee says that the above quoted reference to an affidavit was merely a clerical error. In any event the absence of such affidavit is harmless error. The court's judgment recites that the court considered "all the pleadings on file together with the aforesaid interrogatories and answers thereto and the aforesaid briefs of the parties * * *." The court does not say that it considered any affidavit. In our opinion the pleadings, answers and exhibits were sufficient to support summary judgment. The seventh point is overruled.

The court undertook to make a finding that $2,000 was a reasonable attorney fee. Appellee concedes that this was error. Great American Reserve Ins. Co. v. Britton, 406 S.W.2d 901 (Tex.Sup.1966). Appellant's eighth point is sustained. Pursuant to the holding in the above cited case, this judgment must be reversed insofar as it

awards recovery of $2,000 attorney fees. However, the claim for attorney fees is severable. Accordingly, we reverse the judgment as to attorney fees only and remand it for new trial. The remainder of the judgment is affirmed.

Reversed and remanded in part and affirmed in part.