**George J. PETROVICH, Jr. and Betty Jean Vautrain, Appellants,**

v.

**Betty Jean VAUTRAIN and Lynn Dale Vautrain, Appellees.**

**No. 2–85–295–CV.**

Court of Appeals of Texas, Fort Worth.

May 14, 1987.

Rehearing Denied June 11, 1987.

Lisa G. Shrewsbury, Adams, Meier, Addison & Associates, Hurst, for Petrovich.

Holly Crampton, Crampton, Crampton & Estrada, Wichita Falls, for Betty Vautrain.

Warren W. Shipman, III, Godfrey & Decker, Fort Worth, for Lynn Vautrain.

Before FENDER, C.J., and HILL and LATIMORE, JJ.

## OPINION

FENDER, Chief Justice.

This is a second appeal in a divorce case originally filed in March of 1980. On February 3, 1983, this court remanded the cause to the trial court to determine the distribution of certain community assets not considered at the first trial. The case is again appealed with error claimed that "piecemeal division" of the community property is erroneous and that this Court's determination of a specific effective "date of divorce" (in the first opinion) is in error. We are also confronted with the assertion of an intervening attorney that his claim for attorney's fees should not have been severed from the main cause.

We affirm.

In order to set the stage for a proper determination of the legal principles involved, a calendar of critical events is in order. For ease of expression, the original litigants will be referred to as *wife* and *husband*. Husband had and currently has only one attorney, Warren W. Shipman, III. Wife has had a total of six attorneys, to wit: Jerry J. Loftin, Sterling W. Steves, Robert T. Stites, R. Stephen McNally, George J. Petrovich, Jr. (intervenor) and Holly Crampton (current attorney of record). Reference, where necessary, will be made to wife's attorneys by last name.

March 18, 1980—Original petition filed by wife, Loftin as attorney.

March 26, 1980—Original answer and cross-action for divorce by husband.

January 1, 1981—Motion to withdraw as attorney by Loftin.

January 9, 1981—Steves substituted as counsel for wife.

January 20, 1981—Trial on the merits.

May 29, 1981—First oral pronouncement of divorce and property division.

June 10, 1981—Motion by Stites to be substituted as counsel for wife.

June 11, 1981—Motion by Steves to withdraw.

June 16, 1981—Steves allowed to withdraw and Stites substituted.

July 6, 1981—First written judgment signed.

September 17, 1981—Partial new trial granted.

November 2, 1981—Partial new trial conducted.

November 19, 1981—Second oral pronouncement of divorce and property settlement, giving May 29, 1981, as date of divorce.

December 31, 1981—Motion to withdraw by Stites. No action at that time.

January 7, 1982—Hearing on motion for judgment with McNally as co-counsel to Stites.

January 14, 1982—Second written judgment signed. Stites allowed to withdraw.

January 19, 1982—Petrovich hired.

February 2, 1982—Petrovich files motion for new trial. No further mention of McNally, and the record does not reflect he was ever substituted as wife's attorney of record.

March 31, 1982—Third written judgment signed. Appeal follows.

February 3, 1983—Opinion and judgment of this court issued, remanding for further hearings. *Vautrain v. Vautrain*, 646 S.W.2d 309 (Tex.App.—Fort Worth 1983, writ dism'd).

March 20, 1984—Wife files pro se motion to substitute Crampton for Petrovich.

April 13, 1984—Petrovich files motion to withdraw as counsel. Court carries both motions pending certain services to be rendered by Petrovich.

April 25, 1984—Petrovich released as counsel.

April 26, 1984—Petrovich intervenes to collect fees as attorney for wife.

August 30, 1984—Wife files motion to sever Petrovich's intervention from case.

November 16, 1984—Judgment orally pronounced affirming divorce and dividing property. Separate trial granted as to Petrovich.

November 25, 1985—Final judgment signed. Severance ordered. Wife and intervenor appeal (following motion for new trial by wife).

In our earlier disposition (hereinafter simply referred to as Vautrain I) we established certain criteria for the second trial:

1. The granting of a partial new trial on September 17, 1981, negated the divorce granted on May 29, 1981, and reinstated the marital status.

2. The correct date of the granting of the divorce was November 19, 1981, the date of the oral pronouncement following the partial new trial.

3. The trial court was directed to take evidence on community property acquired between May 29, 1981 (the cutoff date used by the trial court) and November 19, 1981 (the date established by this court).

4. The trial court was instructed that the subjects of *divorce*, child custody, and division of assets as they existed and were disposed of up to May 29, 1981, were not to be re-litigated.

5. This court declined to review and decide whether the property division was fair and just, reserving such question for later review, if necessary.

In appraising the merits of the instant cause, we have reviewed the file in Vautrain I and find that neither party attacked the validity *vel non* of the divorce.

Our record in this appeal consists of the transcript furnished by the clerk of the trial court, a partial statement of facts limited to Petrovich's intervention, and the oral pronouncement of judgment on November 16, 1984.

We will first take up the two points of error urged by wife:

1. The piecemeal division of the community property as ordered by the Court of Appeals in Vautrain I violated Texas law as enunciated by the Texas Supreme Court in *Jacobs v. Jacobs*.

2. The trial court erred in declaring that the parties were divorced on November 19, 1981 for purposes of the division of community property.

■ In wife's presentation of the first point, consisting of less than two pages of her brief, she simply summarizes the holding of *Jacobs v. Jacobs*, 687 S.W.2d 731 (Tex.1985), and a following case [1] as mandating the property division upon remand and retrial to encompass the entire community estate, and concludes that she is entitled to a new trial on the entire property division question. This position is untenable for several reasons. In the first place, the record before us does not indicate that the claimed error has been raised at any time prior to appeal. The point, as presented, borders on fatal lack of specificity, but we will surmise it seeks to aver that this court, or the trial court, or both, committed error which resulted in the trial court, upon remand, leaving its original division of the property existing on May 29, 1981 undisturbed, while considering only, and dividing only, any property which existed on the date of divorce (November 19, 1981) which had not been disposed of originally, and then entering a cumulative decree consisting of both divisions. Had that happened, wife's position would be well taken, but she cites us to no page of the record for our examination to determine if it happened. The bare assertion that a "piecemeal" division of property was had, presents nothing for our review. Even though we find no legal principle that compels us to consider this point, we note that both parties understood at the trial on remand that *all* community property was to be considered, since each party filed an inventory of all

---

1. *Gordon v. Gordon*, 704 S.W.2d 490 (Tex.App.— Corpus Christi 1986, writ dism'd).

community property under their control as it had existed on November 19, 1981; each party filed a proposed community property division listing all community property in existence on November 19, 1981; and the judgment recites: "The Court finds that the division hereinafter made of the community property of the parties as it existed on November 19, 1981, is just and right...." Point of error one is overruled.

We can find no merit in the second point, which challenges the date of the divorce. We determined in Vautrain I that the effective date of divorce was November 19, 1981, and instructed the trial court on remand to divide the community estate as it existed on that date. In our opinion we wrote "[t]he divorce was interlocutory until the disposition of all issues on November 19, 1981 and the parties remained married up through that date." *Vautrain*, 646 S.W.2d at 316. Wife did not file an application for writ of error in the Supreme Court of Texas to complain of our holdings in disposition of Vautrain I. It is not possible now to fault the trial court for following our mandate. *See Hillhouse v. Allumbaugh*, 258 S.W.2d 826 (Tex.Civ.App.—Eastland 1953, writ ref'd n.r.e.). Point of error two is overruled.

Intervenor, Petrovich, has also presented two points of error. The first point is directed toward the severance of his claim for attorney's fees. As previously stated, Petrovich was employed on January 19, 1982, after the second written judgment was signed on January 14, 1982. Petrovich filed a motion for new trial on February 2, 1982 and, on March 31, 1982, the third written judgment was signed, and the appeal followed. Our opinion and judgment issued on February 3, 1983. Petrovich was released as wife's counsel on April 25, 1984 and filed his intervention on April 26, 1984. Wife then, on May 14, filed her Fourth Amended Original Petition, the pleading upon which she went to trial on remand. In that petition, wife deleted her request for award of attorney's fees for services of Petrovich, but requested fees for attorneys Loftin, Steves, Stites and Crampton, that had been included in prior pleadings. On

May 17, 1984, the trial court entered an order denying a motion to strike plea in intervention, and a request for separate trial and severance filed by wife.

Trial of this case on remand was held on May 23–25, 1984. At the beginning of the trial on May 23, 1984, the trial court granted intervenor's request to be absent during the "conduct of the phase of the Vautrain divorce relative to the property division" so that he could conduct "day-to-day law practice." At the same time, wife's trial attorney stated the following in open court:

Secondly, I want to point out that Mr. Petrovich is not aware of the fact that there has been an amended petition and we are not taking an inconsistent position. It's our position—we say we do not have to pay Mr. Petrovich and that neither should Mr. Vautrain be ordered to pay Mr. Petrovich and we have deleted in our petition any request for his attorney fees be paid by Mr. Vautrain.

On August 29, 1984, wife filed her Proposed Community Property Division as of November 19, 1981. Consistent with her position taken at trial, wife excluded from consideration in her proposed division of community property the fees of intervenor.

On August 30, 1984, wife filed a new Motion for Severance and Separate Trial seeking to separate the claims of intervenor so that a final judgment could be entered in the case between the Vautrains. On November 16, 1984, the trial court made oral pronouncement of its judgment on the property issues and orally granted a separate trial on the Plea in Intervention.

On November 25, 1985, the trial court entered a written Decree of Divorce severing the Plea in Intervention and dividing the community property of the parties as it existed on November 19, 1981.

In support of his contention that his Plea in Intervention should have been granted a separate trial rather than severed from the divorce action, Petrovich correctly refers to the following as explanatory of the distinction between separate trial and severance:

A severance divides the lawsuit into two or more independent causes, each of which terminates in a separate, final and enforceable judgment. The separate tri-

al contemplated by Rule 174 results in an interlocutory order determining the claims or issues so tried, but there is only one final judgment which is entered after all claims and issues involved in the suit have been tried.

An issue that is tried separately under Rule 174 need not constitute a complete lawsuit in itself. Severance is proper, however, only where the suit involves two or more separate and distinct causes of action. Each of the causes into which the action is severed must be such that the same might properly be tried and determined if it were the only claim in controversy. See *Rose v. Baker*, 143 Tex. 202, 183 S.W.2d 438; *Pierce v. Reynolds*, [160 Tex. 198] 329 S.W.2d 76. A severable cause of action may be tried separately under the provisions of Rule 174, but an issue that might properly be the subject of a separate trial is not necessarily severable.

*Kansas University Endowment Ass'n v. King*, 162 Tex. 599, 350 S.W.2d 11, 19 (1961).

■ Petrovich urges two general theses in support of his claim of error in the severance of his claims for attorney's fees. He first says that the severance of his claim effectively bars his recovery against the husband, without citing authority for such bar. We cannot agree. It has been long held that an attorney may sue his client's ex-husband in a separate and independent lawsuit, for reasonable attorney's fees incurred in the divorce action. See *Roberts v. Roberts*, 193 S.W.2d 707, 709 (Tex.Civ.App.—Dallas 1945, no writ). See also *Gunther v. Gunther*, 301 S.W.2d 207, 208–09 (Tex.Civ.App.—Dallas 1957, writ dism'd).

■ It follows that, if a claim for attorney's fees can be prosecuted in a separate suit brought by an attorney, such claim is a separate cause of action and may properly be severed from a divorce action.

■ Petrovich additionally argues that, since the judgment requires Betty Vautrain to pay her own attorney's fees, the trial court "has effectively cut off PETROVICH's cause of action against LYNN VAUTRAIN who may plead res judicata in

the severed action." In support of that argument *Masters v. Stair*, 518 S.W.2d 439 (Tex.Civ.App.—San Antonio 1975, no writ) is cited. The facts in *Masters* distinguish it from the case at hand. There, the husband was ordered by the divorce decree to pay $2,500 in attorney's fees to wife's attorney. In the attorney's subsequent suit to recover $2,300 additional fees from the wife, she defended on grounds of *res judicata*. It was held that the trial court had not found the value of the attorney's services to be only $2,500, but only found that sum to be payable by husband. Thus, the attorney was permitted to recover the $2,300 balance of his fee from wife.

In the case before us the decree recites "Petitioner [wife] shall pay, and shall indemnify and hold Respondent [husband] harmless from attorneys' fees incurred at the instance of the Petitioner, including, but not limited to, all attorneys' fees, if any, owed to Jerry Loftin, Sterling Steves, Robert Stites, George Petrovich, and Crampton and Crampton." We express no opinion regarding the applicability of *res judicata* or any other defense which might be available to husband, nor should what we have written be taken as any expression regarding the viability of Petrovich's claim. However, if the above stated portion of the decree does, in fact, create the result envisioned by Petrovich, it was not made the basis of any objection in the trial court, and hence, cannot be raised for the first time on appeal. See *Westinghouse Credit Corporation v. Kownslar*, 496 S.W.2d 531, 533 (Tex.1973). See also *Plasky v. Gulf Insurance Company*, 335 S.W.2d 581 (Tex.1960); *Foshee v. Republic Nat. Bank of Dallas*, 600 S.W.2d 358, 364 (Tex.Civ.App.—Tyler) *rev'd on other grounds*, 617 S.W.2d 675 (1981).

Finding no abuse of discretion on the part of the trial court in ordering a severance, we overrule the Petrovich points of error.

The judgment of the trial court is affirmed.